## JOHN J. INGLE v. STATE BOARD OF ELECTIONS.

(Filed 5 June, 1946.)

**1. Pleadings § 28—**

A motion for judgment on the pleadings admits, for the purpose of the motion, the allegations in the pleading of the adverse party.

**2. Elections § 25—**

Where there are two vacancies for the office of Associate Justice of the Supreme Court to be filled at the general election, a notice of candidacy for the nomination of a party which does not specify to which of the vacancies the candidate is asking the nomination is fatally defective. G. S., 163-147.

**3. Same—**

G. S., 163-147, requiring that in any primary where there are two or more vacancies for Chief Justice and Associate Justices of the Supreme Court to be filled by nomination, a candidate must designate to which vacancy he is asking the nomination, *held* not to contravene Art. IV, sec. 21, of the State Constitution requiring Justices to be elected in the same manner as members of the General Assembly, since the method of selection of nominees does not reach into and control the general election.

**4. Same: Mandamus § 2d—**

*Mandamus* will not lie to compel the State Board of Elections to place on the official ballot, G. S., 163-128, the name of petitioner as the nominee of his party to the office of Associate Justice of the Supreme Court when his notice of candidacy for the nomination is fatally defective in failing to designate to which of two vacancies he is seeking the nomination.

**5. Mandamus § 1—**

*Mandamus* lies only to enforce a clear legal right at the instance of a party having a right to demand it, and the party to be coerced must be under legal obligation to perform the act sought to be enforced.

**6. Same—**

It is rarely, if ever, proper to award a *mandamus* where it can be done only by declaring an Act of Assembly unconstitutional.

BARNHILL and WINBORNE, JJ., took no part in the consideration or decision of this case.

APPEAL by petitioner from *Harris, J.,* at May Term, 1946, of WAKE.

Petition for writ of *mandamus* to require respondents to proceed in lawful manner to cause petitioner's name to be placed on the official ballot as candidate or nominee of the Republican Party for the office of Associate Justice of the Supreme Court of North Carolina to be voted on in the general election to be held 5 November, 1946.

The substance of the petition is, that on 15 March, 1946, the petitioner duly filed with the State Board of Elections notice of his candidacy for

INGLE v. BOARD OF ELECTIONS.

the nomination by the Republican Party as its nominee for the office of Associate Justice of the Supreme Court of North Carolina; that notwithstanding his due compliance with the requirements of law in filing notice of his candidacy, the State Board of Elections, through its Executive Secretary, notified petitioner on 20 March, 1946, that his notice of candidacy was defective in that it failed to state for which vacancy he was asking the nomination and that since "it was not a legal filing, the Board could not accept same"; that the Board accordingly rejected and returned to petitioner his written notice and filing fee; that the petitioner and another are the only two candidates of the Republican Party as its nominees for the two vacancies for Associate Justices of the Supreme Court of North Carolina, which are to be filled in the general election to be held on 5 November, 1946; that in the discharge of its ministerial duties the State Board of Elections has no discretion in the matter, since the notice was filed in accordance with law, and that petitioner is entitled to be certified by the State Board of Elections as the nominee of the Republican Party for the office of Associate Justice of the Supreme Court of North Carolina and to have his name appear on the official ballot at the ensuing general election. Wherefore, petitioner prays for writ of *mandamus* to require the respondents to carry out their duties in the premises.

It is further alleged in an amendment to the petition that the action of the respondents in refusing to certify petitioner as the nominee of the Republican Party for the office aforesaid deprives him of fundamental rights guaranteed by the Constitutions of North Carolina and the United States.

The respondents answered the complaint of the petitioner and denied that he had filed notice of candidacy as required by law. They further set up their version of the facts in "a more complete defense," which may be summarized as follows:

1. That among other State offices to be filled at the general election in November, 1946, are two vacancies in the offices of Associate Justice of the Supreme Court of North Carolina, occurring by reason of the expiration of the terms of office of Associate Justices M. V. Barnhill and J. Wallace Winborne. That the present incumbents of these offices have duly qualified as candidates of the Democratic Party to succeed themselves in their respective offices. No other vacancy on the Supreme Court is to be filled at the forthcoming general election.

2. That under the law governing the selection of party candidates to fill such vacancies, it is provided that candidates of each political party shall file written notice of candidacy and cause the same to be delivered into the hands of the State Board of Elections not later than 6 o'clock p.m. on the tenth Saturday preceding the date of the primary, which

closing hour for filing notice of candidacy in the present year was 6 o'clock p.m. Saturday, 16 March, 1946.

3. That one minute before the expiration of the filing time, to wit, at 5:59 o'clock p.m. Saturday, 16 March, 1946, petitioner's "Notice of Candidacy" and filing fee reached the State Board of Elections through the United States mail, but said notice failed to designate which of the two vacancies the petitioner was asking the nomination as required by G. S., 163-147.

4. That Herbert F. Seawell, Jr., had theretofore filed notice of candidacy as the nominee of the Republican Party for the vacancy occurring by reason of the expiration of the term of office presently occupied by Associate Justice Winborne. That no other notice of candidacy as nominee of the Republican Party for a vacancy in the office of Associate Justice of the Supreme Court was filed by any person.

5. That upon receipt of petitioner's purported notice of candidacy, the State Board of Elections, by resolution, duly received the same subject to the ruling of the Attorney-General of the State as to its legality or sufficiency under the law.

6. Thereafter, the Attorney-General, in response to advice sought, ruled that the filing was not in accordance with the statute, and the same was thereupon rejected by unanimous vote of the State Board of Elections.

In answer to the constitutional matters raised by the amendment to the petition, the respondents denied any infringement of constitutional rights.

The petitioner moved for judgment on the pleadings—demanding writ of *mandamus* as prayed—which was denied, and he appeals, assigning error.

*Briggs & West and Ingle, Rucker & Ingle for petitioner, appellant.*

*Attorney-General McMullan and Assistant Attorney-General Moody for respondents, appellees.*

STACY, C. J.  The question for decision is whether the notice of candidacy filed by the petitioner with the State Board of Elections complies with the provisions of the Primary Election Law.  The trial court answered in the negative, and we approve.

It is provided by G. S., 163-147, that in any primary election when there are two or more vacancies for Chief Justice and Associate Justices of the Supreme Court to be filled by nominations, "all candidates shall file with the state board of elections at the time of filing notice of candidacy a notice designating to which of said vacancies the respective

candidate is asking the nomination." And further: "All votes cast for any candidate shall be effective only for the vacancy for which he has given notice of candidacy, as provided herein."

The motion for judgment on the pleadings admits, for the purpose, the allegation in the answer that at the time of filing notice of candidacy the petitioner failed to designate to which of the two vacancies he was asking the Republican nomination. *Barnes v. Comrs.,* 135 N. C., 27, 47 S. E., 737. This constitutes a fatal defect in his notice of candidacy. *McLean v. Board of Elections,* 222 N. C., 6, 21 S. E. (2d), 842.

The very real quandary presented to the State Board of Elections was, that if the petitioner were asking the Republican nomination for the vacancy occurring by reason of the expiration of the term of office presently occupied by Associate Justice Winborne, an election would be necessary to determine the nominee as between the petitioner and Herbert F. Seawell, Jr., who had previously given notice of his candidacy as nominee of the Republican Party for the same vacancy. On the other hand, if the petitioner were seeking the Republican nomination for the vacancy occurring by reason of the expiration of the term of office presently occupied by Associate Justice Barnhill, no party election would be necessary as no other person had given notice of his candidacy as nominee of the Republican Party for this vacancy. G. S., 163-128. The problem thus presented was one which the statute required the petitioner to solve at the time of filing notice of his candidacy. It is conceded that in this respect his notice falls short of the statutory requirements.

It is contended, however, that the provisions of the Primary Law run afoul of Art. IV, sec. 21, of the Constitution, which provides that the Justices of the Supreme Court shall be elected by the qualified voters of the State, "as is provided for the election of members of the General Assembly." The basis of the contention is, that the nomination constitutes an integral part of the election, *Nixon v. Herndon,* 273 U. S., 536, and that the regulation in question does not apply to the nomination of members of the General Assembly. Even so, the Justices of the Supreme Court are voted on in the general election in the same manner as members of the General Assembly. The method of selection of nominees, which applies alike to all political parties, does not purport to reach into and control the general election. It goes only to the official ballot. G. S., 163-128. The constitutionality of the Primary Election Law was assailed and sustained in *McLean v. Board of Elections, supra.* A similar result must follow here. The present statute was enacted in 1921, and all candidates of all political parties for nominations to vacancies occurring on the Supreme Court have consistently observed its provisions since its enactment. It was born of experiences in the Democratic primary of 1920 when two vacancies on the Supreme Court were to be

filled and both nominations were required to be voted upon, albeit there was but a single candidate seeking the nomination for one of the vacancies and a number of candidates seeking the other. The enactment was intended to avoid similar situations and to clarify the regulations governing primary. elections when two or more vacancies on the Supreme Court are to be filled by nominations in the same primary.

Finally, it is to be remembered that *mandamus* lies only to enforce a clear legal right, and not a doubtful one. The party seeking the writ must have a clear legal right to demand it, and the party to be coerced must be under a legal obligation to perform the act sought to be enforced. *Poole v. Board of Examiners,* 221 N. C., 199, 19 S. E. (2d), 635; *Warren v. Maxwell,* 223 N. C., 604, 27 S. E. (2d), 721; *White v. Comrs. of Johnston,* 217 N. C., 329, 7 S. E. (2d), 825; *Hayes v. Benton,* 193 N. C., 379, 137 S. E., 169; *Umstead v. Board of Elections,* 192 N. C., 139, 134 S. E., 409. It is rarely, if ever, proper to award a *mandamus* where it can be done only by declaring an Act of Assembly unconstitutional. *Person v. Doughton,* 186 N. C., 723, 120 S. E., 481; McIntosh on Practice, 1079, *et seq.* In the instant case the writ was properly denied. The petitioner has failed to make manifest his right to the relief sought.

The judgment appealed from will be upheld.

Affirmed.

BARNHILL and WINBORNE, JJ., took no part in the consideration or decision of this case.