HOMER HANCOCK v. T. F. BULLA, ALBERT TAYLOR, AND E. T. WALTON.

(Filed 8 November, 1950.)

**1. Mandamus § 1—**

> The party seeking *mandamus* must show a clear legal right to demand it, and the party to be coerced must be under positive legal obligation to perform the act sought to be required.

**2. Elections § 9—**

> *Mandamus* to compel the county board of elections to review the sufficiency of a petition for an election on the question of establishing liquor control stores in the county, *held* properly denied upon the facts found without exception.

APPEAL by plaintiff from *Gwyn, J.,* September Term, 1950, of RANDOLPH. Affirmed.

*Ottway Burton for plaintiff, appellant.*
*John G. Prevette for defendants, appellees.*

DEVIN, J.   Plaintiff, a citizen and voter of Randolph County, instituted this action to require the members of the County Board of Elections to review the sufficiency of a petition heretofore filed for an election on the question of establishing liquor control stores in the County.

The petition had been denied 19 January, 1950, by the County Board of Elections as then constituted, on the ground that an insufficient number of qualified voters had signed the petition.   The total number of qualified voters in the county was 15,824, and of the signers of the petition only 1,414 were found to have been qualified, as required by the statute G.S. 18-61.   The statute requires that the petition be "signed by at least fifteen per centum of the registered voters in said County that voted in the last election for governor."

The ground of plaintiff's suit is that the Board of Elections in checking over a total of 2,593 names appearing on the petition employed a person not a member of the Board to check the books and records to ascertain the number qualified under the statute, but the court found as a fact that this checking was done in the presence and under the supervision of the then Chairman of the Board of Elections.

Subsequent to the action denying the petition, in March, 1950, there was a change in the personnel of the Board and two new members were installed in place of two former members.   The reconstituted Board refused to take any further action in the matter.

No evidence was offered by plaintiff other than his complaint.   Defendants offered the affidavit of the former Chairman of the Board and the minutes of the Board.

The court, after finding the facts to which there was no exception, held that plaintiff had failed to establish a clear legal right to have *mandamus* issue, and denied plaintiff's prayer and petition therefor.

It is well settled by numerous decisions of this Court that a party seeking writ of *mandamus* must have a clear legal right to demand it, and the party to be coerced must be under positive legal obligation to

perform the act sought to be required. *Steele v. Cotton Mills,* 231 N.C. 636, 58 S.E. 2d 620; *Ingle v. Board of Elections,* 226 N.C. 454, 38 S.E. 2d 566; *White v. Commissioners,* 217 N.C. 329, 7 S.E. 2d 825; *Mears v. Board of Education,* 214 N.C. 89, 197 S.E. 752; *Person v. Doughton,* 186 N.C. 723, 120 S.E. 481.

Judging by this standard, we think the court below has ruled correctly, and accordingly the judgment is

Affirmed.