DONALD F. ST. GEORGE v. LOUIS HANSON, R. W. CANTWELL, H. S. McGIRT, JOHN M. WALKER and M. R. SANDERS, Constituting the BOARD OF COMMISSIONERS OF NAVIGATION AND PILOTAGE FOR THE CAPE FEAR RIVER AND BAR.

(Filed 15 January, 1954.)

**1. Trial § 55—**

Where the parties waive trial by jury, the findings of the trial judge are as conclusive as the verdict of a jury if they are supported by competent evidence.

**2. Appeal and Error § 6c (3)—**

In the absence of a request that the court find a particular fact, appellant may not object to the failure of the court to find such fact.

**3. Appeal and Error § 6c (2)—**

Where there is no effective exception to the findings of fact, the assignment of error to the signing of the judgment presents the sole question as to whether the facts found support the judgment.

**4. Trial § 55—**

In a trial by the court under agreement of the parties, the court is required to find and state only the ultimate facts. G.S. 1-185.

**5. Constitutional Law § 12—**

The statute prescribing rules and regulations for the licensing of pilots is constitutional. G.S. 76, Art. I.

**6. Mandamus § 1—**

A party seeking a writ of *mandamus* must have a clear legal right to demand it, and the party to be coerced must be under a positive legal obligation to perform the act sought to be required.

**7. Same: Injunctions § 1b—**

A mandatory injunction to compel a board or public official to perform a duty imposed by law is identical in its function and purpose with that of a writ of *mandamus*.

**8. Mandamus § 2b—**

*Mandamus* cannot be invoked to control the exercise of discretion in the performance of a judicial or *quasi*-judicial act unless it is clearly shown there has been an abuse of discretion.

**9. Mandamus § 1—**

> The function of *mandamus* is to compel the performance of a ministerial act and not to establish a legal right.

**10. Pilots § 6—**

> Plaintiff sought the reinstatement of his pilot's license under the provisions of G.S. 76-2, and the parties waived jury trial and agreed that the court might find the facts. *Held:* There being no finding or request for finding that plaintiff's license was revoked or his application for reinstatement refused on the ground that there was a sufficient number of pilots for the commerce on the river, or that the license was revoked or reinstatement refused without cause, *mandamus* will not lie to compel the issuance of license, since in such instance the writ would control the exercise of judgment by the licensing board. As to whether plaintiff was barred by laches, *quaere?*

JOHNSON, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Grady, Emergency J.,* February Term 1953 of NEW HANOVER.

Civil action for a writ of *mandamus* to compel the defendants constituting the Board of Commissioners of Navigation and Pilotage for the Cape Fear River and Bar to issue to the plaintiff a Branch or State pilot's license entitling him to pilot vessels on the Cape Fear River and over the Bar.

Pursuant to G.S. 1-184 a trial by jury was waived. After hearing the evidence the court found the facts and made a conclusion of law, which is here set forth. "JUDGMENT. This action was instituted on November 6, 1951, and complaint filed on the same date, praying for a Mandatory Injunction against the defendant Board, and the members individually, that they be required to issue to, or to restore to the plaintiff a pilot's license, entitling him to pilot vessels on the Cape Fear River and over the Bar. All parties appeared in person and were represented by counsel. A jury trial was waived and it was agreed that the Court might hear and determine the matter at Chambers.

"Evidence was offered and the Court finds:

"That the plaintiff for a number of years in the past was a licensed pilot, acting under the supervision of the defendants and their predecessors in office; that his license was revoked on several occasions; the last revocation being dated December 29, 1931. On several occasions since that date the plaintiff has made application for a renewal of said license; but such renewal has been refused in the discretion of the defendant Board.

"He waited from December 31, 1931, until November 6, 1951, to bring an action for restoration of his license, during about 17 years of which period he was living out of the County.

"It is nowhere alleged in the Complaint that the defendant Board, or that the defendants individually, have acted in such manner towards the plaintiff as to amount to an abuse of discretion; or that their action in denying him a renewal of his license is not in good faith. In fact, as the Court understands the law, the plaintiff does not state facts sufficient to constitute a cause of action.

"The following cases are directly in point, and govern this case: *State v. Perry,* 151 N.C. 661; *State v. Staples,* 157 N.C. 637; *Small v. Edenton,* 146 N.C. 527; *Battle v. Rocky Mount,* 156 N.C. 329; *Ward v. Comrs.,* 146 N.C. 534; *Barnes v. Comrs.,* 135 N.C. 27. And the following citation is pertinent: 'A license issued by a municipal corporation, with a provision in its charter that it may be revoked for any cause which the Board deems sufficient—such proviso in the charter is a part of the contract, and is enforcible.' *Hutchins v. Durham,* 118 N.C. 457.

"Upon the admitted facts and the law, the Court is of the opinion that the plaintiff cannot prevail, and it is now—

"Ordered and Adjudged that this action be, and the same is dismissed, and the costs will be taxed against the plaintiff and the surety on his prosecution bond."

Counsel for plaintiff and for the defendants entered into this stipulation: "That the plaintiff Donald F. St. George was one of the pilots actively engaged in piloting on the Cape Fear River at the time of the enactment of the amendment of March 7, 1927, G.S. 76-2, referred to in Article 5 of the plaintiff's Complaint; and that all of the pilots referred to in this record as being members of the Wilmington Cape Fear Pilots Association on March 7, 1927, are now dead except the plaintiff Donald F. St. George and I. S. Davis, who retired prior to the institution of this action."

To the judgment the plaintiff excepted and appealed.

*Poisson, Campbell & Marshall for defendants, appellees.*
*McClelland & Burney and Rountree & Rountree for plaintiff, appellant.*

Parker, J. The parties waived trial by jury. Therefore, the findings of fact of the trial judge are as conclusive as the verdict of a jury if there was competent evidence to support them. *Poole v. Gentry,* 229 N.C. 266, 49 S.E. 2d 464; *Burnsville v. Boone,* 231 N.C. 577, 58 S.E. 2d 351.

The plaintiff assigns as errors Nos. 1 to 4, both inclusive, that the court failed to make certain findings of fact. At the hearing in the lower court the plaintiff made no request of the court to make any specific finding of fact or facts. "It is too late for the plaintiff on appeal to complain of failure of the court to find specific facts when no specific request therefor

was made at the hearing." *Griffin v. Griffin,* 237 N.C. 404, 75 S.E. 2d 133, and cases there cited; McIntosh N. C. Prac. and Proc., p. 555.

The plaintiff has no exception to the evidence, nor does he contend that there is no evidence to support the facts found by the court. Therefore, his assignment of error No. 7 to the signing of the judgment presents the sole question as to whether the facts found support the judgment. *Best v. Garris,* 211 N.C. 305, 190 S.E. 221; *Swink v. Horn,* 226 N.C. 713, 40 S.E. 2d 353; *Cannon v. Blair,* 229 N.C. 606, 50 S.E. 2d 732.

The judge is only required to find and state the ultimate facts under G.S. 1-185. *Woodard v. Mordecai,* 234 N.C. 463, 67 S.E. 2d 639, and cases cited.

The judge made these findings of ultimate facts. One, the plaintiff for a number of years in the past was a licensed pilot, acting under the supervision of the defendants and their predecessors in office. Second, that his license was revoked on several occasions; the last revocation being dated 29 December 1931. Three, on several occasions since the plaintiff has made application for a renewal of said license, but such renewal has been refused in the discretion of the defendant Board. Four, the plaintiff waited from 31 December 1931 until 6 November 1951 to bring an action for restoration of his license, though for about 17 years of this period he was living outside New Hanover County.

The plaintiff contends that according to the stipulation entered into by counsel, and set forth above, he was one of the pilots actively engaged in piloting on the Cape Fear River at the time of the enactment of the Amendment of 7 March 1927 to what is now G.S. 76-2 referred to in Article 5 of his Complaint; that G.S. 76-2 has a proviso reading as follows: "Provided, that the present number. of eleven pilots now actively engaged in the service shall not be reduced except for cause or by resignation, disability or death;" that he, as one of the original eleven pilots, cannot have his license revoked or may not be refused reinstatement of his license except for cause "and that cause must be another cause than simply a cause for the reduction in number of those specific pilots on the Cape Fear River and Bar and that to refuse the appellant his State Pilot's License simply because the Board in its discretion believes that there is a sufficient number of pilots for the commerce on the river flies in the face of the Act, and such action on the part of the defendant, Board of Navigation and Pilotage, constitutes arbitrary and unreasonable action, not permitted by the statute, and therefore the plaintiff should be granted his writ."

G.S., Ch. 76, is entitled Navigation. Art. 1 of this Chapter is captioned Cape Fear River. This act is constitutional. *St. George v. Hardie,* 147 N.C. 88, 60 S.E. 920. When it is shown that pilotage is subject to governmental control, the power and duty of the Legislature to prescribe

rules for ascertaining and declaring who are competent by reason of age, character, skill, experience, etc., follow. This power comes within the principle upon which the State prescribes the qualifications of those who are admitted to practice law, medicine, etc. *St. George v. Hardie, supra.*

G.S. 76-2 reads as follows: *"Rules to regulate pilotage service.*—The board shall from time to time make and establish such rules and regulations respecting the qualifications, arrangements, and station of pilots as to them shall seem most advisable, and shall impose such reasonable fines, forfeitures and penalties as may be prescribed for the purpose of enforcing the execution of such rules and regulations. The board shall also have power and authority to prescribe, reduce, and limit the number of pilots necessary to maintain an efficient pilotage service for the Cape Fear River and Bar, as in its discretion may be necessary: Provided, that the present number of eleven pilots now actively engaged in the service shall not be reduced except for cause or by resignation, disability, or death. When, in the opinion of a majority of the board, the best interests of the port of Wilmington, the State of North Carolina, and the pilotage service shall require it, the board shall have power and authority to organize all pilots licensed by it into a mutual association, under such reasonable rules and regulations as the board may prescribe; any licensed pilot refusing to become a member of such association shall be subject to suspension, or to have his license revoked, at the discretion of the board."

We have said in many cases that a party seeking a writ of *mandamus* must have a clear legal right to demand it, and the party to be coerced must be under a positive legal obligation to perform the act sought to be required. *Hancock v. Bulla,* 232 N.C. 620, 61 S.E. 2d 801; *Laughinghouse v. New Bern, ibid.,* p. 596, 61 S.E. 2d 802; *Steele v. Cotton Mills,* 231 N.C. 636, 58 S.E. 2d 620; *Ingle v. Board of Elections,* 226 N.C. 454, 38 S.E. 2d 566; *White v. Comrs. of Johnston,* 217 N.C. 329, 7 S.E. 2d 825; *Mears v. Board of Education,* 214 N.C. 89, 197 S.E. 752; *Person v. Doughton,* 186 N.C. 723, 120 S.E. 481. "A mandatory injunction, when issued to compel a board or public official to perform a duty imposed by law, is identical in its function and purpose with that of a writ of *mandamus.* . . . Such writ (a *mandamus*) will not be issued to enforce an alleged right which is in question." *Hospital v. Wilmington,* 235 N.C. 597, 70 S.E. 2d 833; *Harris v. Board of Education,* 216 N.C. 147, 4 S.E. 2d 328.

It is well settled law that *mandamus* cannot be invoked to control the exercise of discretion of a board, officer, or court when the act complained of is judicial or *quasi*-judicial, unless it clearly appears that there has been an abuse of discretion. The function of the writ is to compel the performance of a ministerial duty—not to establish a legal right, but to enforce one which has been established. *Hayes v. Benton,* 193 N.C. 379,

137 S.E. 169; *Wilkinson v. Board of Education,* 199 N.C. 669, 155 S.E. 562; *Harris v. Board of Education, supra.*

The findings of fact do not show that plaintiff's license was revoked simply because the defendant Board believed that there was a sufficient number of pilots for the commerce on Cape Fear River, and that they refused to reinstate him or restore his license on that ground. In the lower court the plaintiff did not request the judge to make such a specific finding of fact, nor did he request that the judge make a specific finding of fact that plaintiff's license was revoked without cause, or that the defendant Board refused to reinstate him, or restore his license without cause. In the judgment it is stated that it is nowhere alleged in the complaint that the defendants, or any of them, acted in such a manner as to amount to an abuse of discretion, or not in good faith.

G.S. 76-2 requires that the defendant Board shall from time to time establish such rules and regulations respecting the qualifications, arrangements and stations of pilots as to them shall seem most advisable. The determination of the qualifications, arrangements and stations of pilots, and as to whether one or more of the eleven pilots actively engaged in service on 7 March 1927 shall be reduced for cause involves judgment on the part of the defendant Board, and generally calls for an examination of evidence and the passing upon questions of fact. It is elemental learning that where such is the case, a court will not interfere with the defendant Board's judgment or discretion, unless it is arbitrarily exercised, and will not attempt by *mandamus* to compel it to decide in a particular way. The plaintiff has not shown that he has a clear legal right to demand a writ of *mandamus* and that the defendant Board which he seeks to coerce is under a positive legal obligation to perform the act sought to be enforced. "Where the right of the petitioner is not clear, and the duty of the officer, performance of which is to be commanded, is not plainly defined and peremptory, *mandamus* is not an appropriate remedy." *U. S. ex rel. Girard Trust Co. v. Helvering,* 301 U.S. 540, 81 L. Ed. 1272.

The plaintiff waited from 31 December 1931, until 6 November 1951 to bring an action for restoration of his license. This presents a serious question as to whether this long delay does not constitute a bar to his action on the ground of laches. 35 Am. Jur., Mandamus, p. 65 *et seq.;* 55 C.J.S., p. 459 *et seq.* The following headnote in *U. S. ex rel. Arant v. Lane,* 249 U.S. 367, 63 L. Ed. 650, correctly summarizes the decision. "A delay of twenty months on the part of the superintendent of a national park before seeking reinstatement by *mandamus* after his removal from office by the Secretary of the Interior, and his forcible ejection from the government office building, under circumstances rendering his return to the service impossible except under a court order, is such laches as will defeat his right to the relief sought."

LYDA *v.* MARION.

The plaintiff assigns as errors Nos. 5 and 6 that the judge stated in the judgment "the plaintiff does not state facts sufficient to constitute a cause of action," and that it does not appear whether the court dismissed the case upon the merits upon the testimony and proof introduced or whether the court dismissed plaintiff's action as upon a demurrer *ore tenus* or *ex mero motu*. These assignments of error are without merit. The plaintiff upon the facts found by the judge is not entitled to a *mandamus*.

The judgment of the lower court is

Affirmed.

JOHNSON, J., took no part in the consideration or decision of this case.