WRESTON MORGAN v. TOWN OF SPINDALE, A MUNICIPAL CORPORATION.

(Filed 22 March, 1961.)

**1. Taxation § 5—**

Taxes may be levied only for a public purpose, and a public purpose is one for the support of the government or for any of the recognized objectives of government. Constitution of North Carolina, Article V, § 3.

**2. Same—**

A municipality may issue its bonds with approval of its voters to provide funds to aid in the construction of an armory, since the mobilization and training of a state militia is for a public purpose for which a municipality may be called upon to contribute.

**3. Same—**

Where municipal bonds are issued to provide funds to aid in the construction of a facility to be used for the public purposes of an armory and the training of the municipality's law enforcement officers and for a public meeting place, the fact that the facility is to be constructed some half mile outside the municipality's corporate limits and the fact that the land is to revert to the county if it should cease to be used for an armory, do not affect the public character of the purposes for which the bonds are issued.

APPEAL by plaintiff from *Clarkson, J.,* January 1961 Term, of RUTHERFORD.

Plaintiff, a taxpayer, instituted this action to enjoin the issuance and sale of bonds by Spindale. He alleges the funds to be derived from the sale will not be used for a public purpose.

A jury trial was waived. The court found the facts, which, summarized, are: Spindale, a municipal corporation situate in Rutherford County, proposed to issue and sell $17,000 of bonds to provide funds

to supplement available Federal and State funds to be used for construction of armory facilities for the North Carolina National Guard.

"That an ordinance was duly and regularly adopted by the Town of Spindale on September 19, 1960, authorizing said Armory Bonds and a resolution adopted calling for a special election thereon; that an election was duly and regularly held on 29th day of October, 1960, at which election a majority of the qualified voters who voted at said election voted in favor of approval of the ordinance authorizing the issuance of said bonds and the levying of taxes to pay the principal thereof and the interest thereon. The vote being 116 in favor and 8 against approval.

"That the land upon which the proposed Armory is to be constructed (5.95 acres) is located about 5/10 of a mile east of the corporate limits of the Town of Spindale, and title is vested in the State of North Carolina with reversionary provisions in favor of Rutherford County, if ceased to be used for military purposes.

"That the proposed Armory shall be available for use by Civic organizations for public functions, and the rifle range and Armory will be available for instructions and use by law enforcement officers of Rutherford County and the Towns in the County."

Based on the findings the court concluded the bonds were "for a public purpose within the purview of the applicable Statutes of North Carolina and the Constitution of said State," and when issued will be valid obligations of the town of Spindale. Injunctive relief was denied, and the action dismissed. Plaintiff appealed.

*J. S. Dockery for plaintiff appellant.*
*A. Clyde Tomblin for defendant appellee.*

RODMAN, J. Plaintiff's assignments of error present only one question, *viz.*: Is the proposed expenditure for a public purpose? Unless for a public purpose, no tax can be levied for payment, because by express constitutional language, "taxes shall be levied only for public purposes." Art. V, sec. 3.

The constitutional permission to tax for public purposes is a denial of the right to tax for private purposes. *Nash v. Tarboro*, 227 N.C. 283, 42 S.E. 2d 209. What then is a public purpose? *Ervin, J.*, said in *Green v. Kitchin*, 229 N.C. 450, 50 S.E. 2d 545: "A tax or an appropriation is certainly for a public purpose if it is for the support of government, or for any of the recognized objects of government." *Seawell, J.*, said in *Airport Authority v. Johnson*, 226 N.C. 1, 36 S.E. 2d 803: " ' Public Purpose' as we conceive the term to imply, when used in connection with the expenditure of municipal funds from the public treasury, refers

to such public purpose within the frame of governmental and proprietary power given to the particular municipality, to be exercised for the benefit, welfare and protection of its inhabitants and others coming within the municipal care. It involves reasonable connection with the convenience and necessity of the particular municipality whose aid is extended in its promotion."

Protection against invasion and the maintenance of peace and order are governmental functions recognized by express provisions in our Constitution. Art. XII, sec. 2, charges the General Assembly with the duty of providing for the organization, arming, equipping, and discipline of the militia. The Governor is commander in chief of the militia except when called into the service of the United States. Art. III, sec. 8, N.C. Constitution. Clearly, then, the construction of an armory is a public purpose conforming to the express mandate of our Constitution. Plaintiff says conceding the construction of armories in general may serve a public purpose, the fact that the armory here proposed is to be constructed outside of the corporate limits of Spindale and on property which will revert to Rutherford County in the event it is abandoned for military purposes, negatives a public purpose as to Spindale.

Neither of these facts affects *the purpose* for which the expenditure is to be made. Funds for the construction of the armory will be provided in the following proportions: United States, 75%; State of North Carolina, 7%; Spindale, 9%; Forest City, 9%. In addition to the cost of construction, Rutherford County provided the land on which the building is to be erected. The mere fact that it is to be located half a mile beyond the corporate limits of Spindale does not affect *the purpose* for which the construction is to be made.

The court's finding that the armory will be available for use by civic organizations for public functions, and the rifle range and armory will be available for instruction and use by law enforcement officers of Spindale is not challenged. All of these are public purposes. The right to enjoy and not the place where the right may be exercised is the test. Municipalities frequently establish their sewerage disposal plants, their water supply systems beyond the corporate limits, but we do not suppose that anyone would suggest that the fact that these are not located within the corporate limits would destroy the purpose for which they are constructed. By no stretch of the imagination can it be said that the location of the armory outside of the corporate limits makes it a private purpose.

The Supreme Court of the State of Washington was called upon to decide in *State v. Clausen*, 163 P. 744, whether a political subdivision of the State could use public funds to acquire land for the

training of the armed forces of the United States pursuant to authorization given by State legislation. The Court said: "While the mobilization and training of the federal soldiery to aid in the suppression of insurrection or the repelling of invasion is in a sense a duty of the federal government, it is likewise a state duty to which the state may be called upon to contribute its aid. The mobilization and training of a state militia may be a state purpose, but it is likewise a public purpose to which every political subdivision of the state may be called upon to contribute to the full extent of its power and ability."

*Parker, J.,* said in *Jamison v. Charlotte,* 239 N.C. 682, 80 S.E. 2d 904: "We have stated in *Martin County v. Trust Co.,* 178 N.C. 26, 100 S.E. 134, that the construction of roads and bridges is a matter of general public concern, and that 'the Legislature may cast the expense of such public works upon the State at large, or upon territory specially and immediately benefited, even though the work may not be within a part of the total area attached." See also *Briggs v. Raleigh,* 195 N.C. 223, 141 S.E. 597; *Wood v. Oxford,* 97 N.C. 227; *Taylor v. Commissioners,* 55 N.C. 141; 25 N.C. Law Rev. 504 *et seq.* for an article summarizing the North Carolina cases interpreting the meaning of the phrase "public purpose."

The mere fact the property will revert to Rutherford County if, at some indefinite time in the future, it is no longer needed or suitable for armory purposes does not defeat the purpose for which the expenditures are now to be made. *Green v. Kitchin, supra.*

Based on the unchallenged findings of fact the court correctly concluded that the proposed expenditure was for a public purpose. The electorate having authorized bonds for a public purpose, the court properly declined to restrain the sale and dismissed the action.

Affirmed.