LEONARD Y. SAFRIT, JOHN S. BALL, MRS. RAY L. MORSE, LOUIS STYRON, F. B. ESKRIDGE, STEVE BEACHAM, SR., GILBERT WHITEHURST, TOM ADAMS, N. C. McNEILL, TULL WILLIAMS, MRS. H. L. HOLEBROOK, EARL LEWIS, SAM GIBBS, JOHN D. NELSON, ARVIS McGEHEE, RAY M. WILLIS, BILLY J. BALES, BANZELL LEWIS, JR., AND BANZELL LEWIS, SR., FOR AND ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, v. JOHN D. COSTLOW, MAYOR, EARL MADES, DAVID C. FARRIOR, FRANK LANGDALE, OSBORNE G. DAVIS AND GLENN B. WILLIS, JR., COMMISSIONERS OF THE TOWN OF BEAUFORT, AND THE TOWN OF BEAUFORT, A MUNICIPAL CORPORATION OF THE STATE OF NORTH CAROLINA.

(Filed 20 June, 1967.)

**1. Municipal Corporations § 2—**

The owner of property within territory annexed by a municipality may bring an action after the expiration of one year from the effective date of annexation and prior to the expiration of 15 months from such date, to compel the municipality to follow through on its plans for furnishing essential municipal services to the area annexed in accordance with the plans filed in the proceedings. G.S. 160-453.5(h).

**2. Same—**

Where a municipality is unable to extend its municipal sewerage system to an annexed territory because such system has been declared obsolete and a source of unlawful pollution, but the municipality has planned to construct a new sewerage system to service all areas within the municipal limits, and has initiated studies for such plan by an engineering firm, *held*, a resident of the area is entitled to maintain an action, timely instituted, to compel the municipality to follow through on its plan for the new sewerage system.

**3. Mandamus § 1—**

The purpose of *mandamus* is identical with that of a mandatory injunction, and its function is to enforce, but not to establish, a legal right.

**4. Mandamus § 2—**

Ordinarily, *mandamus* does not lie to control the exercise of a discretionary power.

**5. Same;    Municipal Corporations § 2—**

Where more than a year after the effective date of an annexation ordinance, a municipal corporation has failed to take steps to provide sewerage service to the annexed area in accordance with its plans theretofore filed, the owners of property within the territory annexed, while not having the right to require any particular type of sewerage system be installed, do have a clear legal right to require that the municipality provide a sewerage system which will offer them the same benefits as those offered any other property owners throughout the municipality.

APPEAL by plaintiffs from *Latham, Special Judge,* November 28, 1966 Civil Session of CARTERET.

Civil action (No. 121 on our docket) instituted July 29, 1965, in which plaintiffs seek relief by writ of *mandamus* or, alternatively, that an Annexation Ordinance of the Town of Beaufort be adjudged void *ab initio.*

On January 15, 1966, these plaintiffs instituted a separate action (No. 110 on our docket) under the Declaratory Judgment Act, seeking to have the same Annexation Ordinance declared void *ab initio.*

The two cases were heard together. A jury trial was waived. The court's findings of fact in each case are based on the same stipulations and evidence. An opinion in the subsequent separate action is being filed simultaneously herewith.

The Annexation Ordinance was adopted March 16, 1964, effective May 1, 1964, by the Board of Commissioners of the Town of Beaufort, after compliance with the procedural requirements prescribed in G.S. 160-453.5. A public hearing was held March 2, 1964. More than fourteen days prior thereto, a "Report Setting Forth Plans as to Services to Areas to be Annexed," including a map showing existing municipal limits and the areas under consideration for annexation, was filed in the office of the Town Clerk. Owners of property in these areas appeared at the public meeting and expressed their opposition to adoption of the proposed Annexation Ordinance.

The plan filed in purported compliance with G.S. 160-453.3 is comprehensive, relating to (1) lights and water; (2) sewer; (3) police protection; (4) fire protection; (5) garbage collection; and (6) street maintenance.

The controversy relates to the following provision of the plan:

"2.  SEWER:  The municipal sewerage system of the Town of

Beaufort is based upon a gravity outfall towards the navigable waters that border the Town on the north and west; these two bodies of water are part of the White Oak River Basin and, as such, have been included in the State Stream and Sanitation study heretofore provided by the State Stream and Sanitation Act. Due to the nuisance created by said system in depositing raw sewage in these navigable waters, the sewerage system of the Town of Beaufort has been declared to be obsolete and a source of unlawful pollution to adjacent streams or waters by the State Stream and Sanitation Committee, and whereas the General Assembly of North Carolina, Session 1963, did amend subsection 3(b) of G.S. 160-453.3 by adding: 'provided, however that in the event the sewerage system of the municipality shall have been declared to be unfit, obsolete or a source of unlawful pollution to the adjacent streams or waterways by the State Stream Sanitation Committee, then the municipality shall not be required to extend any sewerage outfall into the area to be annexed; provided, further, that the area to be annexed shall be provided sewerage service on substantially the same basis and in the same manner as such service is provided within the rest of the municipality whenever a modernized sewerage system is created subject to the approval of the State Stream Sanitation Committee.' Whereas, the Town of Beaufort has employed an engineering firm to determine the feasibilities of a new sewerage system and that the said Tracts One and Two as herein described are included or will be included in said studies and that, when the new sewerage system as contemplated by the Town of Beaufort is constructed, said system will service the two areas as hereinabove described and that said areas will receive the same benefits in this regard as present portions of the municipality.

"That it is further found that each of the areas at present are being serviced by septic tank systems which require attention in the form of pumping and other cleaning, and that large portions of the Town of Beaufort are now similarly serviced and that the Town of Beaufort has heretofore obtained equipment incidental to the pumping or cleaning of septic tanks and employs personnel for this purpose and this septic tank cleaning or pumping service will, on request of the individual owners in Tracts One and Two, be furnished said areas."

Judge Latham concluded as matters of law that this action was timely and properly brought pursuant to G.S. 160-453.5(h); that plaintiffs had failed to show defendant did not comply with the "Report Setting Forth Plans as to Services to Areas to be Annexed"; and that the court was "without authority to amend the plan for services to be provided to annexed areas and to force compliance to

the plan as amended by the use of *mandamus.*" Judgment was entered dismissing the action. Plaintiffs excepted and appealed.

*Harvey Hamilton, Jr., and Ward & Tucker for plaintiff appellants.*

*Wheatly & Bennett for defendant appellees.*

BOBBITT, J.   Judge Latham ruled in the separate action (No. 110 on our docket) that the 1963 statute, to wit, Chapter 1189, Session Laws of 1963, referred to in the quoted paragraph of the plan, was unconstitutional and void as violative of Article II, Section 29, of the Constitution of North Carolina. As to this, as set forth in the opinion in the separate action, this Court is in accord. Defendants may not predicate rights upon said 1963 statute.

The court ruled correctly that this action was timely and properly brought pursuant to G.S. 160-453.5(h). The court's further rulings appear to be in accord with defendants' contention that the plan contains no provision for a sewerage system in the annexed areas and therefore affords no basis for the issuance of a writ of *mandamus.* As to this, we take a different view.

The plan contemplates the construction of a new sewerage system from which property owners in the annexed area will receive the same benefits as property owners in the then existing portions of the municipality. We cannot accept the view that this reference to a new sewerage system should be treated as a mere will-o'-the-wisp, so lacking in substance that plaintiffs had no right to rely thereon.

Independent of references to said 1963 statute, we think the proposal set forth in said plan was in substance as follows: The existing municipal sewerage system, having been declared obsolete and a source of unlawful pollution to adjacent streams or waters, could not be extended into the annexed areas. The Town of Beaufort planned to construct a new sewerage system from which all areas within the municipal limits, including the annexed areas, would receive the same benefits. Studies to accomplish this result were in progress. Temporarily, the Town of Beaufort would upon request pump or clean privately owned septic tanks located in the annexed areas.

In G.S. 160-453.1, it is declared as a matter of State policy, *inter alia:* ". . . (3) That municipal boundaries should be extended, in accordance with legislative standards applicable throughout the State, to include such areas and to provide the high quality of governmental services needed therein for the public health, safety and welfare; and . . . (5) That areas annexed to municipalities in ac-

cordance with such uniform legislative standards should receive the services provided by the annexing municipality as soon as possible following annexation."

G.S. 160-453.3(3)b requires, in respect of a plan for extension of services to areas proposed to be annexed, the following: "Provide for extension of water mains and sewer lines into the area to be annexed so that property owners in the area to be annexed will be able to secure public water and sewer services according to the policies in effect in such municipality for extending water and sewer lines to individual lots or subdivisions. If the municipality must, at its own expense, extend water and/or sewer mains into the area to be annexed before property owners in the area can, according to municipal policies, make such connection to such lines, then the plans must call for contracts to be let and constructon to begin on such lines within one year following the effective date of annexation."

In the separate action (No. 110 on our docket), we have held that plaintiffs are precluded by G.S. 160-453.6(a) from attacking the validity of the annexation by reason of their failure, within thirty days following the passage of the Annexation Ordinance, to file a petition in the Superior Court of Carteret County seeking a review of the action of the Board of Commissioners of the Town of Beaufort.

Plaintiffs' property is now located within the municipality. They are entitled "to secure public . . . sewer services according to the policies in effect in such municipality for extending . . . sewer lines to individual lots or subdivisions." G.S. 160-453.3(3)b. The plan of the Town of Beaufort for *extending* sewer lines necessitates the construction of a new sewerage system, and in the "Report Setting Forth Plans as to Services to Areas to be Annexed" it is stated that "said (new) system will service the two (newly annexed) areas as hereinabove described. . . ."

The statutory remedy for owners of property in the annexed territory where "the municipality has not followed through on its service plans adopted under the provisions of §§ 160-453.3(3) and 160-453.5(e)" is by writ of *mandamus*. G.S. 160-453.5(h). Plaintiffs have no other legal remedy.

The nature and function of a writ of *mandamus* have been fully discussed in prior decisions. *Hospital v. Wilmington*, 235 N.C. 597, 70 S.E. 2d 833, and cases cited; *St. George v. Hanson*, 239 N.C. 259, 78 S.E. 2d 885, and cases cited; *Young v. Roberts*, 252 N.C. 9, 112 S.E. 2d 758.

The function of a writ of *mandamus*, "when issued to compel a board or public official to perform a duty imposed by law," is iden-

tical with that of a mandatory injunction. *Hospital v. Wilmington,
supra.* Its function is to enforce, not to establish, legal rights. *St.
George v. Hanson, supra.* Ordinarily, *mandamus* "does not lie to
control the exercise of a discretionary power." 3 Strong, N. C. In-
dex, Mandamus § 2.

Although plaintiffs have no right to require that any particular
type of sewerage system be installed, they do have a clear legal right
to require that defendants provide a new sewerage system which
will offer to them the same benefits offered to other property owners
throughout the municipality. The tax burden imposed on plaintiffs'
property is the same as that imposed on property throughout the
municipality. The statutes contemplate, and elemental fairness re-
quires, that plaintiffs receive the same benefits.

Absent a specific provision in the plan for the construction of
the new sewerage system, the law allowed defendants a reasonable
time within which to discharge their obligations. G.S. 160-453.5(h)
provides that application for writ of *mandamus* as authorized thereby
shall be made not earlier than one year nor later than fifteen months
from the effective date of annexation. The effective date of annexa-
tion was May 1, 1964. This action was instituted July 29, 1965. The
hearing before Judge Latham was at November 28, 1966 Civil Ses-
sion. Notwithstanding this lapse of time, defendants offer no evi-
dence that a new sewerage system is in process of construction or
that contract for the construction of such sewerage system has been
let.

The foregoing leads to this conclusion: The court was in error
in dismissing the action. Hence, the judgment is vacated and the
cause remanded for further proceedings. Upon the basis of such evi-
dence as may be offered upon further hearing in the superior court,
the judge thereof will make such order as may be appropriate to
require that defendants proceed promptly with the construction of
a new sewerage system.

Error and remanded.