BILLY L. CAMPBELL, Plaintiff v. THE CITY OF LAURINBURG, Defendant

No. COA04-789

(Filed 15 February 2005)

**1. Police Officers— retirement—special separation allowance—employment by sheriff—not a State agency**

A retired city police officer who began working for the county sheriff was working for a local government employer, and not a State agency, for retirement payment purposes.

———————

CAMPBELL v. CITY OF LAURINBURG

[168 N.C. App. 566 (2005)]

**2. Police Officers— retirement—separation payments— employment by sheriff's office—termination of payments**

Plaintiff, a retired police officer, lost the right to receive future separation payments from the city upon his employment with the sheriff's office, an employer stipulated as local government. The City of Laurinburg acted congruent with its designated authority under N.C.G.S. § 143-166.42 and consistent with the General Assembly's intent in determining that it would have grounds to cease payment of a separation allowance for law enforcement officers who become employed by another local government agency, such as the Scotland County Sheriff's Office.

Appeal by defendant from order entered 17 December 2003 by Judge Jack A. Thompson in Scotland County Superior Court. Heard in the Court of Appeals 26 January 2005.

*Jack E. Carter for plaintiff-appellee.*

*Gordon, Horne, Hicks, and Floyd, P.A., by Charles L. Hicks, for defendant-appellant.*

*North Carolina League of Municipalities by General Counsel, Andrew L. Romanet, Jr. and Senior Assistant General Counsel, John M. Phelps, II, as amicus curiae in favor of defendant-appellant.*

ELMORE, Judge.

The City of Laurinburg (the City) appeals an order of partial summary judgment requiring them to continue to pay a portion of separation benefits pursuant to N.C. Gen. Stat. §§ 143.166.41 and 143.166.42 for Billy L. Campbell (plaintiff), a former police officer. Plaintiff retired from the City of Laurinburg Police Department on 30 August 1999, after 30 years of service. He was not yet 62 years old. The City began paying him a retirement allowance and also a special separation allowance pursuant to N.C. Gen. Stat. § 143-166.42. These special separation payments of $928.54 a month continued until 28 September 2001, when the City ceased payment. Plaintiff contends, and the trial court agreed, that this cessation was wrongful. But as of October 2001 plaintiff was employed as a law enforcement officer for the Scotland County Sheriff's Office. The City contends that this employment made plaintiff no longer eligible to receive payments. There is no argument as to these material facts; each party argues though, that the facts entitle them to judgment as a matter of law.

The City makes four arguments as to why plaintiff is no longer eligible for the special separation allowance because of his employment with Scotland County. First, that the Laurinburg City Council, as the local governing body, established in 1991 that any officer who was receiving the special separation allowance would forfeit the allowance upon employment "by another local government or agency thereof." Second, the City argues that the statute itself, when properly interpreted, also provides for termination of the allowance if the officer is hired by another local government employer. Third, the City argues that because plaintiff became "reemployed," under N.C. Gen. Stat. § 128-27(a) he is no longer actually retired and any allowance paid because of retirement should end. Fourth, in the alternative, the City argues that the Scotland County Sheriff's Office can be considered a state agency, which under section 143-166.41(c)(3) would make plaintiff's employment act as a terminating event to his receipt of the allowance.

[1] Prior to analysis of these arguments it is important to note that the parties entered into stipulations of fact, one of which stated that as of "October 2001 the Plaintiff became employed as a law enforcement officer as defined by G.S. 128-21(11b) or G.S. 143-166.50(a)(3) of the Sheriff of Scotland County, which employment has continued at all times through this date." Both of the statutes referenced in the stipulation defining "law enforcement officer" begin by qualifying plaintiff as "a full-time paid employee of an employer . . . ." N.C. Gen. Stat. §§ 143-166.50(a)(3) and 128-21(11b) (2003). Both statutes define "employer" as "a county, city, town or other political subdivision of the State." N.C. Gen. Stat. §§ 143-166.50(a)(2) and 128-21(11) (2003). Accordingly, for this stipulation to be given effect, plaintiff is necessarily employed by a local government employer and not a State agency, leaving the City's fourth argument, that plaintiff now works for the State, without merit.

[2] The remainder of the arguments attempt to address the seeming ambiguity within the language of section 143-166.42, an ambiguity which is further clouded when attempting to construe section 143-166.42 in conjunction with section 143-166.41: the statute which creates the special separation allowance.

N.C. Gen. Stat. § 143-166.42 (2003) states that:

the provisions of G.S. 143-166.41 shall apply to all eligible law-enforcement officers as defined by G.S. 128-21(11b) or G.S.

143-166.50(a)(3) who are employed by local government employers, except as may be provided by this section. As to the applicability of the provisions of G.S. 143-166.41 to locally employed officers, the governing body for each unit of local government shall be responsible for making determinations of eligibility for their local officers retired under the provisions of G.S. 128-27(a) and for making payments to their eligible officers under the same terms and conditions, other than the source of payment, as apply to each State department, agency, or institution in payments to State officers according to the provisions of G.S. 143-166.41.

*Id.* The first sentence of section 143-166.42 allows local law enforcement officers to receive the same special separation allowance that officers who are employed by the State enjoy, "except as may be provided by this section." The very next sentence authorizes the governing body of the local government in question to determine who, among their officers, is "eligible" for the special separation allowance set forth in section 143-166.41. But further within the same sentence the General Assembly notes that payments should be made "under the same terms and conditions" as apply to the State. Looking at the statute then, the extent to which a local governing body can effectively determine "eligibility" and apply the provisions of section 143-166.41, is ambiguous.

Nonetheless, operating under its authority to determine eligibility, the City's governing body—its City Council—determined on 16 April 1991 that any future officer receiving a special separation allowance who then became employed by "another local government or agency" would no longer be eligible to receive payments. The City argues that its Council's decision is controlling and plaintiff is no longer entitled to receive payments. Plaintiff, however, notes that the plain language of section 143-166.41 only requires termination of the allowance if plaintiff is employed by the State, not another local government entity, and argues that application of N.C. Gen. Stat. § 163-144.41(c)(3) is controlling. N.C. Gen. Stat. § 143-166.41, in pertinent part, states:

(a) Notwithstanding any other provision of law, every sworn law-enforcement officer as defined by G.S. 135-1(11b) or G.S. 143-166.30(a)(4) employed by a State department, agency, or institution who qualifies under this section shall receive, beginning on the last day of the month in which he retires on a basic service retirement under the provisions of G.S. 135-5(a) or G.S. 143-166(y), an annual separation allowance . . . . The allowance

shall be paid in 12 equal installments on the last day of each month. To qualify for the allowance the officer shall:

(1) Have (i) completed 30 or more years of creditable service or, (ii) have attained 55 years of age and completed five or more years of creditable service; and

(2) Not have attained 62 years of age; and

(3) Have completed at least five years of continuous service as a law enforcement officer as herein defined immediately preceding a service retirement. Any break in the continuous service required by this subsection because of disability retirement or disability salary continuation benefits shall not adversely affect an officer's qualification to receive the allowance, provided the officer returns to service within 45 days after the disability benefits cease and is otherwise qualified to receive the allowance.

(b) . . .

(c) Payment to a retired officer under the provisions of this section shall cease at the first of:

(1) The death of the officer;

(2) The last day of the month in which the officer attains 62 years of age; or

(3) The first day of reemployment by any State department, agency, or institution, except that this subdivision does not apply to an officer returning to State employment in a position exempt from the State Personnel Act in an agency other than the agency from which that officer retired.

(d) . . .

(e) The head of each State department, agency, or institution shall determine the eligibility of employees for the benefits provided herein.

(f) . . .

(g) The head of each State department, agency, or institution shall make the payments set forth in subsection (a) to those persons certified under subsection (e) from funds available under subsection (f).

N.C. Gen. Stat. § 143-166.41 (2003). Section 143-166.41 is clear on its face that employment with the State, under the listed conditions, while drawing a separation allowance from that same agency would be grounds to terminate the allowance.

We hold that, under its authority to determine eligibility according to section 143-166.42, the City Council appropriately changed the applicable provision of section 143-166.41(c)(3) from reemployment with the State to "reemployment with another local government." *See Bowers v. City of High Point*, 339 N.C. 413, 419, 451 S.E.2d 284, 288 (1994) (holding that N.C. Gen. Stat. § 143-166.42 does not permit local governments to determine the amount of payment, *i.e.*, alter the rate found in 143-166.41(a), but does permit them to determine eligibility). Upon plaintiff's employment with the sheriff's office, an employer already stipulated as local government, he lost the right to receive future separation payments from the City.

This interpretation is congruent with the intent of the General Assembly, the primary goal of statutory construction. *See id.*, 339 N.C. at 419-20, 451 S.E.2d at 289 (citing cases). In enacting section 143-166.42, the legislature wanted to encourage early retirement at the local level under similar circumstances as they had done at the State level. *See id.* Instead of setting forth the exact eligibility requirements, the legislature saw fit to give that responsibility to the local governing body. N.C. Gen. Stat. § 143-166.42 (2003) ("As to the applicability of the provisions of G.S. 143-166.41 . . . the governing body for each unit of local government shall be responsible for making determinations of eligibility . . . ."); *Moody v. Transylvania County*, 271 N.C. 384, 386, 156 S.E.2d 716, 717 (1967) (In addition to expressed powers, a municipality can exercise "those necessarily or fairly implied in or incident to the powers expressly granted . . . .") (quoting *Madry v. Scotland Neck*, 214 N.C. 461, 462, 199 S.E. 618, 619 (1938)). To interpret the local governing body's ability to determine eligibility in such a way as to prevent them from setting the eligibility requirements listed in section 143-166.41 makes the General Assembly's exception in section 143-166.42 virtually meaningless. *See* N.C. Gen. Stat. § 160A-4 (2003) ("[G]rants of power shall be construed to include any additional and supplementary powers that are reasonably necessary or expedient to carry them into execution and effect . . ."); *Bowers*, 339 N.C. at 417, 451 S.E.2d at 288 (applying 160A-4 to its decision interpreting section 143-166.42); *Duke Power Co. v. City of High Point*, 69 N.C. App. 378, 387, 317 S.E.2d 701, 706 ("no part of a statute is mere surplusage . . . [and] each provision adds something not oth-

erwise included therein"), *disc. review denied*, 312 N.C. 82, 321 S.E.2d 895 (1984).

The City acted congruent with its designated authority under N.C. Gen. Stat. § 143-166.42 and consistent with the General Assembly's intent in determining that for their law enforcement officers, becoming employed by another local government agency, such as the Scotland County Sheriff's Office, would be grounds to cease payment of the separation allowance. As such, we reverse the trial court's order that the City must continue special separation allowance payments to plaintiff.

Reversed.

Judges McCULLOUGH and LEVINSON concur.