JERRY A. WIGGS v. EDGECOMBE COUNTY AND EDGECOMBE COUNTY BOARD OF
COMMISSIONERS, IN THEIR OFFICIAL CAPACITY

No. 466A06

(Filed 4 May 2007)

**Pensions and Retirement— special separation allowance—
local law enforcement officer**

The Court of Appeals did not err by concluding that a local
law enforcement officer who entered into retirement and
received a special separation allowance pursuant to N.C.G.S.
§ 143-166.42 is entitled to continued receipt of that allowance
regardless of a subsequent ordinance passed by the local govern-
ing authority purporting to retroactively amend the terms and
conditions of the allowance, because: (1) the General Assembly
authorized defendant county to enter into a contract with plain-
tiff under which he would continue collecting a special sepa-
ration allowance upon reemployment with another member of
the Local Government Retirement System, and plaintiff was enti-
tled to payment according to the law at the time his rights vested;
(2) prohibiting double-dipping or allowing an employee to draw
benefits while being compensated by another member of the
System is not a sufficient public purpose to justify impairment
of the contract; and (3) no important public purpose justifies
the impairment of plaintiff's contract with defendants, and thus,
the Contract Clause of the United States Constitution, contained
in Article I, Section 10, prevents defendants from retroac-
tively changing the terms and conditions of the benefits afforded
plaintiff.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a
divided panel of the Court of Appeals, 179 N.C. App. 47, 632 S.E.2d
249 (2006), affirming an order granting summary judgment for plain-
tiff entered on 7 September 2005 by Judge Quentin T. Sumner in
Superior Court, Edgecombe County. Heard in the Supreme Court 9
January 2007.

*Shanahan Law Group, by Kieran J. Shanahan and Steven K.
McCallister, for plaintiff-appellee.*

*Womble Carlyle Sandridge & Rice, PLLC, by Alison R. Bost, for
defendant-appellants.*

BRADY, Justice.

In this case we determine whether a local law enforcement officer who, after three decades of public service, enters into retirement and receives a special separation allowance pursuant to N.C.G.S. § 143-166.42 is entitled to continued receipt of that allowance regardless of a subsequent ordinance passed by the local governing authority purporting to retroactively amend the terms and conditions of the allowance. We conclude that plaintiff is entitled to continued receipt of the special separation allowance, and we therefore affirm the decision of the Court of Appeals.

## FACTUAL BACKGROUND

Jerry A. Wiggs (plaintiff) was employed as a Deputy Sheriff by Edgecombe County from 1976 until 2004. On 1 March 2004, plaintiff informed the North Carolina Local Government Employees' Retirement System (Local Retirement System) that he planned to retire as of 1 April 2004. The Local Retirement System certified that plaintiff had thirty years of creditable service in the retirement plan effective 31 March 2004 due to his service with Edgecombe County's Office of the Sheriff and prior law enforcement employment. Additionally, on 1 March 2004 plaintiff notified the Edgecombe County Administrative Office of his intended retirement, and on 15 March 2004, that office notified plaintiff of the calculated amount of his special separation allowance. Plaintiff retired and began receiving payments on 1 April 2004.

In late May of 2004, plaintiff applied for a part-time position as a police officer with the Raleigh-Durham Airport Authority (Airport Authority), which is also a member of the Local Retirement System. On 3 June 2004, at the behest of the Airport Authority, plaintiff contacted the Edgecombe County Manager to inquire whether his special separation allowance payments would continue upon employment with the Airport Authority. On 12 July 2004 the Edgecombe County Commissioners adopted a resolution which provided that "[t]he separation allowance will terminate under the following conditions: . . . 3. Upon retiree's re-employment in any capacity (fulltime, part time, temporary, permanent, contractual, etc.) by any local government participating in the NC Local Government Employees['] Retirement System." As a result, plaintiff did not seek further employment with the Airport Authority or any other member of the Local Retirement System.

WIGGS v. EDGECOMBE CTY.

[361 N.C. 318 (2007)]

## PROCEDURAL HISTORY

On 4 October 2004, plaintiff initiated litigation against Edgecombe County and the Edgecombe County Board of Commissioners (defendants) alleging breach of contract, breach of fiduciary duty, and violations of the federal and state constitutions, and asserting that the resolution amounted to a bill of attainder. Additionally, plaintiff sought declaratory relief and a preliminary injunction. Both parties filed motions for summary judgment. The trial court granted plaintiff's motion for summary judgment as to his claims for declaratory and injunctive relief, denied defendants' motion, and enjoined defendants from applying or enforcing the resolution with respect to plaintiff. The trial court certified the order pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure, and defendants appealed to the Court of Appeals.

In a divided decision, the Court of Appeals affirmed the trial court's order, holding that the resolution violated the Contract Clause found in Article I, Section 10 of the United States Constitution and the Law of the Land Clause in Article I, Section 19 of the North Carolina Constitution. The dissent would have reversed, holding that the resolution was superfluous and immaterial and that the applicable statutes require that plaintiff's benefits cease upon reemployment with another employer in the Local Retirement System. Defendants appeal on the basis of the dissent.

## ANALYSIS

Courage, a sense of duty, and a willingness to make personal sacrifice are among the many personal characteristics required of members of our domestic security forces, the "Thin Blue Line" upon which our public safety depends. In recognition of the sacrifices made by these individuals, the 1984 General Assembly created a special separation allowance to supplement the income of certain officers who retire from State law enforcement and meet specific criteria. N.C.G.S. § 143-166.41 (2005). Recognizing the similar sacrifices made by local law enforcement officers, the General Assembly later extended a special separation allowance to eligible local law enforcement officers. N.C.G.S. § 143-166.42 (2005).

## I. STATUTORY CONSTRUCTION

The first question presented is whether the General Assembly authorized defendant to enter into a contract with plaintiff which would require continued payment of the special separation allowance

after reemployment with another participant in the Local Government Retirement System. Counties, like municipalities, are creatures of the State and "can exercise only that power which the legislature has conferred upon them." *Bowers v. City of High Point*, 339 N.C. 413, 417, 451 S.E.2d 284, 287 (1994); *see Moody v. Transylvania Cty.*, 271 N.C. 384, 386, 156 S.E.2d 716, 717 (1967) (stating that the same rules apply to counties and municipalities). To determine whether the General Assembly authorized defendants to enter into the contract with plaintiff, we must consider as a matter of statutory law whether a local law enforcement · officer receiving a special separation allowance is no longer entitled to receive that allowance upon reemployment with another member of the Local Retirement System in the absence of any local government resolution to the contrary. The applicable statute provides:

> On and after January 1, 1987, the provisions of G.S. 143-166.41 shall apply to all eligible law-enforcement officers as defined by G.S. 128-21(11b) or G.S. 143-166.50(a)(3) who are employed by local government employers, except as may be provided by this section. As to the applicability of the provisions of G.S. 143-166.41 to locally employed officers, the governing body for each unit of local government shall be responsible for making determinations of eligibility for their local officers retired under the provisions of G.S. 128-27(a) and for making payments to their eligible officers under the same terms and conditions, other than the source of payment, as apply to each State department, agency, or institution in payments to State officers according to the provisions of G.S. 143-166.41.

N.C.G.S. § 143-166.42. Subsection 143-166.41(a) presents the initial eligibility requirements for receiving the special separation allowance and the amount of the allowance due to each recipient. This subsection requires the officer "shall" have either "completed 30 or more years of creditable service or" to have completed "five or more years of creditable service" if the officer is over age 55. *Id.* § 143-166.41(a). Additionally, the officer "shall" not have "attained 62 years of age" and must "[h]ave completed at least five years of continuous service as a law enforcement officer" as provided by the statute. *Id.* Subsection (c) provides the circumstances under which payments cease, including, *inter alia*, the officer's death or attainment of 62 years of age. *See* N.C.G.S. § 143-166.41(c). None of these circumstances include reemployment with another participator in the Local Retirement System. *Id.*

WIGGS v. EDGECOMBE CTY.

[361 N.C. 318 (2007)]

Defendants contend that section 143-166.42 provides that a recipient of a special separation allowance who is later reemployed by another participant in the Local Retirement System is no longer entitled to the special separation allowance. Under the guise of statutory construction, defendants seek to have this Court engraft into subsection 143-166.41(c) a requirement that payment of the special separation allowance would cease if plaintiff is reemployed with another employer participating in the Local Retirement System.

When construing statutes, this Court first determines whether the statutory language is clear and unambiguous. *See Diaz v. Div. of Soc. Servs.*, 360 N.C. 384, 387, 628 S.E.2d 1, 3 (2006) (citing *Burgess v. Your House of Raleigh, Inc.*, 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990)). If the statute is clear and unambiguous, we will apply the plain meaning of the words, with no need to resort to judicial construction. *Id.* "However, when the language of a statute is ambiguous, this Court will determine the purpose of the statute and the intent of the legislature in its enactment." *Id.* (citing *Coastal Ready-Mix Concrete Co. v. Bd. of Comm'rs*, 299 N.C. 620, 629, 265 S.E.2d 379, 385 (1980) ("The best indicia of [legislative] intent are the language of the statute or ordinance, the spirit of the act and what the act seeks to accomplish." (citations omitted)).

We determine that the language of section 143-166.42 is clear and unambiguous on its face. The statute mandates that payments are to be made "under the same terms and conditions, other than the source of payment, as apply to each State department, agency, or institution" under section 143-166.41. N.C.G.S. § 143-166.42. There is nothing apparent from that language that brings into question the plain meaning of the words used therein. Those "same terms and conditions" are plainly set out in section 143-166.41. This "Court has no power to amend an Act of the General Assembly." *State v. Davis*, 267 N.C. 126, 128, 147 S.E.2d 570, 572 (1966) (per curiam). Moreover, " '[w]hen the language of a statute is clear and unambiguous, it must be given effect and its clear meaning may not be evaded by an administrative body or a court under the guise of construction.' " *Thigpen v. Ngo*, 355 N.C. 198, 202, 558 S.E.2d 162, 165 (2002) (quoting *State ex rel. Utils. Comm'n v. Edmisten*, 291 N.C. 451, 465, 232 S.E.2d 184, 192 (1977)). We will not engage in judicial construction merely to assume a legislative role and rectify what defendants argue is an absurd result.

Nothing in the language of sections 143-166.41 or 143-166.42 indicate in any way that payments to an officer receiving the special sep-

aration allowance should cease upon reemployment with another Local Retirement System participant. Not only has the General Assembly authorized defendant to enter into such a contract, the General Assembly has mandated that a special separation allowance be paid by local governing authorities to qualified officers. *See* N.C.G.S. § 143-166.42 (stating that "G.S. 143-166.41 shall apply to all eligible law-enforcement officers . . . who are employed by local government" and "the governing body for each unit of local government shall be responsible for . . . making payments to their eligible officers"). Accordingly, defendants' actions in entering into such a contractual relationship with plaintiff were not *ultra vires*.

## II. CONTRACT CLAUSE

Having determined that the applicable statutes would not bar plaintiff's continued receipt of the allowance and that defendants' entering into the special separation allowance agreement was not *ultra vires*, we turn to defendants' resolution to determine whether it would properly require the cessation of payments upon plaintiff's reemployment with the Airport Authority. Plaintiff asserts that the resolution passed by defendants violates, *inter alia*, the Contract Clause of the United States Constitution. We agree. The Contract Clause provides: "No State shall . . . pass any . . . Law impairing the Obligation of Contracts . . . ." U.S. Const. art. I, § 10. In determining whether a Contract Clause violation has occurred, this Court first determines whether a contractual obligation exists. *See Faulkenbury v. Teachers' & State Employees' Ret. Sys.*, 345 N.C. 683, 690, 483 S.E.2d 422, 427 (1997). If a contractual obligation does exist, the next step "requires a determination that the [government action] has the effect of impairing a contractual obligation." *U.S. Tr. Co. v. New Jersey*, 431 U.S. 1, 17 (1977); *see also Faulkenbury*, 345 N.C. at 690, 483 S.E.2d at 427. "Finally, we must determine whether the impairment was reasonable and necessary to serve an important public purpose." *Faulkenbury*, 345 N.C. at 690, 483 S.E.2d at 427 (citing *U.S. Tr. Co.*). When analyzing the purported "important public purpose" in cases in which the government itself is a party to the contract, we note that "complete deference to a legislative assessment of reasonableness and necessity is not appropriate because the State's self-interest is at stake." *U.S. Tr. Co.*, 431 U.S. at 26.

This Court has previously determined that payments under the Teachers' and State Employees' Retirement Plan are part of a contractual relationship between the System and the payee. *See*

*Faulkenbury*, 345 N.C. at 690, 483 S.E.2d at 427. We can find no discernable difference between the Teachers' and State Employees' Retirement Plan and the Local Government Employees' Retirement Plan that would lead us to a different result. Accordingly, we hold that a contractual relationship exists between defendants and plaintiff. Moreover, at the time plaintiff's rights under this agreement vested, there was no restriction in place that would have prevented his reemployment with another member of the Local Retirement System. He was entitled to payment according to the law at the time his rights vested, and these rights "may not be taken from [him] by legislative action." *Id.* Defendants were obligated to make payments to plaintiff in the form of a special separation allowance pursuant to section 143-166.42, and the resolution seeking to relieve defendants of that duty impaired that contractual obligation. This is not to say defendants were unable, consistent with their incidental powers to implement the mandate of section 144-166.42, to pass a resolution which would apply prospectively to those whose rights to the special separation allowance had not yet vested. *See, e.g., Campbell v. City of Laurinburg*, 168 N.C. App. 566, 608 S.E.2d 98 (2005). However, the issue in this case is whether defendant's resolution can be retroactively applied to plaintiff's vested contractual right to receipt of the special separation allowance payments.

Finally, we must determine whether this "impairment was reasonable and necessary to serve an important public purpose." *Id.* (citing *U.S. Tr. Co.*). Prohibiting "double-dipping," or allowing an employee to draw benefits while being compensated by another member of the System, is not a sufficient public purpose to justify this impairment of the contract. *See Faulkenbury*, 345 N.C. at 694, 483 S.E.2d at 429 (rejecting the argument that "the correct operation of the plan is an important public purpose"). Moreover, we will not "engage in a utilitarian comparison of public benefit and private loss." *U.S. Tr. Co.*, 431 U.S. at 29. Merely because the governmental actor believes the money can be better spent or should now be conserved does not provide a sufficient interest to impair the obligation of contract. "If a State could reduce its financial obligations whenever it wanted to spend the money for what it regarded as an important public purpose, the Contract Clause would provide no protection at all." *Id.* at 26. Accordingly, because no important public purpose justifies the impairment of plaintiff's contract with defendants, we hold that the Contract Clause of the United States Constitution, contained in Article I, Section 10, prevents defendants from retroactively changing the terms and conditions of the benefits afforded plaintiff. *See*

*Faulkenbury*, 345 N.C. at 690-94, 483 S.E.2d at 427-29 (holding that the Contract Clause prevents a change in the calculation of the plaintiffs' disability retirement benefits by legislative action).

Because the Contract Clause prohibits defendants from retroactively changing the terms and conditions of plaintiff's special separation allowance, the resolution adopted by defendants does not apply to plaintiff. Accordingly, we need not address plaintiff's other assertions which rely on other rights contained in the federal and state constitutions. *See id.*, 345 N.C. at 694, 483 S.E.2d at 429 (finding it unnecessary to address additional state and federal constitutional issues because of the Court's resolution of the Contract Clause claim).

## CONCLUSION

In sum, we hold that the General Assembly authorized defendant to enter into a contract with plaintiff under which he would continue collecting a special separation allowance upon reemployment with another member of the Local Retirement System, and that the Contract Clause forbids retroactively modifying the terms and conditions of the special separation allowance agreement. Accordingly, we affirm the opinion of the Court of Appeals.

AFFIRMED.