STATE OF NORTH CAROLINA v. MARKEUS WESLEY LARGENT, DEFENDANT; SURETY: CREAG A. HANSON, AGENT FOR AMERICAN SAFETY CASUALTY INSURANCE; JUDGMENT CREDITOR: WATAUGA COUNTY BOARD OF EDUCATION

No. COA08-1108

(Filed 16 June 2009)

**Bail and Pretrial Release— bond forfeiture—failure to give timely notice of incarceration in another state**

The trial court did not err by denying a surety's motion to set aside a bond forfeiture because: (1) the surety failed to give timely notice to the district attorney's office that defendant was incarcerated in another state as required by N.C.G.S. § 15A-544.5(b) (7); (2) although the statute in no way indicates that the incarceration must be regarding the same charges, defendant's period of incarceration must be continuous; and (3) although the surety provided notice to the district attorney regarding defendant's incarceration on 7 May 2008 while defendant was incarcerated in Tennessee for a second time, defendant's incarceration was not continuous with the period of incarceration during which defendant failed to appear in court.

Appeal by surety from order entered 16 June 2008 by Judge Alexander Lyerly in District Court, Watauga County. Heard in the Court of Appeals 26 February 2009.

*Stott, Hollowell, Palmer, & Windham, L.L.P., by Aaron C. Low, for surety-appellant.*

*Miller & Johnson, PLLC, by Nathan A. Miller, for judgment creditor-appellee.*

STROUD, Judge.

The trial court denied the surety's motion to set aside the bond forfeiture. The surety appeals, arguing its motion should have been granted pursuant to N.C. Gen. Stat. § 15A-144.5(b) (7). For the following reasons, we affirm.

## I. Background

The trial court found:

1. Defendant failed to Appear in District Court of Watauga County on December 10, 2007 for charges contained in 07 CRS 051934 and 07 CR 051994.

2. Bond Forfeiture Notices were duly issued by the Honorable Kyle David Austin on December 17, 2007 for both of the cases and the Bond Forfeiture Notices were delivered to the surety on December 17, 2007 by the Deputy Clerk of Superior Court, Debbie S. Blake.

3. The Surety, via the bail agent, Creag Hanson, noticed the Watauga County, North Carolina District Attorney's Office on May 7, 2008 that the Defendant was imprisoned in the custody of the Carter County, Tennessee, Sheriff in writing via two separate letters pertaining to each of the individual cases.

4. The Surety, via the bail agent, Craig [sic] Hanson, made a Motion to Set Aside Forfeiture for each of the cases on May 7, 2008 on the basis of the Defendant being incarcerated in a local, state, or federal detention center.

5. The Defendant was incarcerated in Tennessee from November 16, 2007 through December 14, 2007 and again on March 26, 2008 in the Carter County, Tennessee, Sheriff's Office Detention Center and remains currently imprisoned in the Carter County, Tennessee, Sheriff's Office Detention Center as of the time of this Order.

6. The Watauga County Board of Education, via their attorney, Nathan A. Miller, duly objected to the Motions to Set Aside Forfeitures on May 12, 2008.

Based upon its findings the trial court concluded, "The Surety failed to give timely notice to the Watauga County District Attorney's Office that Defendant was incarcerated in another state, as required by North Carolina General Statute § 15A-544.5[(b)](7)." The trial

court ordered "that the Surety's Motion to Set Aside the Bond Forfeiture [be] denied." The surety appeals arguing its motion should have been granted pursuant to N.C. Gen. Stat. § 15A-144.5(b) (7). For the following reasons, we affirm.

## II. N.C. Gen. Stat. § 15A-544.5(b) (7)

N.C. Gen. Stat. § 15A-544.5(b) provides in pertinent part:

A forfeiture shall be set aside for any one of the following reasons, and none other:

. . . .

(7) The defendant was incarcerated in a local, state, or federal detention center, jail, or prison located anywhere within the borders of the United States at the time of the failure to appear, and the district attorney for the county in which the charges are pending was notified of the defendant's incarceration while the defendant was still incarcerated and the defendant remains incarcerated for a period of 10 days following the district attorney's receipt of notice, as evidenced by a copy of the written notice served on the district attorney via hand delivery or certified mail and written documentation of date upon which the defendant was released from incarceration, if the defendant was released prior to the time the motion to set aside was filed.

N.C. Gen. Stat. § 15A-544.5(b) (7) (2007).

The facts are not in dispute. The issue is whether the district attorney "was notified of the defendant's incarceration while the defendant was *still incarcerated*[.]" *Id.* (emphasis added). The surety contends,

If the legislature intended the defendant to be incarcerated and serving one continual sentence from the time of the failure to appear until 10 days after the notice to the District Attorney, then they would have required that the defendant to [sic] be serving a sentence as they did in section (b) (6) and not that the defendant simply be 'incarcerated.' In the case at bar, Defendant was still incarcerated 10 days following the notice to the District Attorney . . ., and it makes no difference whether or not the defendant was serving one continual sentence from the failure to appear or not . . . .

The Watauga County Board of Education argues,

> [a]t the time of the Surety's notice to the district attorney the Defendant was not incarcerated for the reasons he was incarcerated at the time of his failure to appear. The Defendant instead was incarcerated on entirely unrelated charges. . . .

> The Surety is attempting to piggy back off an unrelated incarceration to satisfy the statute. It was mere luck that the Defendant happened to be re-incarcerated in the same county jail as he was in when he failed to appear in Watauga County.

We are presented here with a question of interpretation regarding N.C. Gen. Stat. § 15A-544.5(b) (7). Both parties concede that this is a question of first impression.

> Questions of statutory interpretation are questions of law, which are reviewed *de novo* by an appellate court. In conducting this review, we are guided by the following principles of statutory construction.

> The paramount objective of statutory interpretation is to give effect to the intent of the legislature. The primary indicator of legislative intent is statutory language; the judiciary must give clear and unambiguous language its plain and definite meaning.

*In Re Proposed Assessments v. Jefferson-Pilot Life Ins. Co.*, 161 N.C. App. 558, 559-60, 589 S.E.2d 179, 180-81 (2003) (citations and quotation marks omitted). "Where the language of a statute is clear and unambiguous there is no room for judicial construction and the courts must give it its plain and definite meaning, and the courts are without power to interpolate, or superimpose, provisions and limitations not contained therein." *Begley v. Employment Sec. Comm.*, 50 N.C. App. 432, 436, 274 S.E.2d 370, 373 (1981) (citations omitted).

The surety argues the practical effects of the statute, and both the surety and the Watauga County Board of Education arguments regarding the possible intent of the legislature are reasonable. However, the language of the statute is clear. "Where the language of a statute is clear and unambiguous there is no room for judicial construction and the courts must give it its plain and definite meaning[.]" *Id.* The language in contention here is the phrase "still incarcerated[.]" N.C. Gen. Stat. § 15A-544.5(b) (7). "Still" is "used as a function word to indicate the continuance of an action or condition[.]" Merriam-Webster's Collegiate Dictionary 1226 (11th ed. 2003). In N.C.

Gen. Stat. § 15A-544.5(b) (7) "still" "indicate[s] the continuance of" incarceration. *Id.*; *see* N.C. Gen. Stat. § 15A-544.5(b) (7). Thus, the plain language of the statute refers to one continuous period of incarceration which begins "at the time of the failure to appear" and ends no earlier than 10 days after the date that "the district attorney for the county in which the charges are pending was notified of the defendant's incarceration[.]" N.C. Gen. Stat. § 15A-544.5(b) (7). However, the statute in no way indicates that the incarceration must be regarding the same charges, but only that the defendant's period of incarceration be continuous. A defendant could be incarcerated consecutively on numerous different charges, but if there is no interruption in his incarceration during the time period specified by the statute, it falls within the purview of N.C. Gen. Stat. § 15A-544.5(b) (7). However, if defendant is incarcerated at the time he fails to appear and then is later released, only to be incarcerated again at the time notice is provided to the district attorney and for 10 days thereafter, he was not "still incarcerated[,]" *id.*, and this does not fall within N.C. Gen. Stat. § 15A-544.5(b) (7).

Here, the relevant dates are uncontested. Defendant failed to appear on 10 December 2007. On 10 December 2007, defendant was incarcerated in Tennessee, but on 14 December 2007 he was released. On 26 March 2008, defendant was once again incarcerated in Tennessee and remained there as of the time the trial court entered its order. The surety provided notice to the district attorney regarding defendant's incarceration on 7 May 2008, while defendant was incarcerated in Tennessee for the second time; however, this period of incarceration was not continuous with the period of incarceration during which defendant failed to appear in court. Accordingly, N.C. Gen. Stat. § 15A-544.5(b)(7) was not applicable, and the trial court properly denied the Surety's motion to set aside the bond forfeiture. This argument is overruled.

### III. Conclusion

We conclude that as defendant's incarceration was not continuous, N.C. Gen. Stat. § 15A-544.5(b)(7) was not applicable. Therefore, the trial court did not err in denying the surety's motion to set aside the bond forfeiture, and we affirm.

AFFIRMED.

Judges JACKSON and STEPHEN concur.