JOHN F. GREEN, II, Guardian Ad Litem of TRENTYN C. LEWIS (A Minor), Plaintiff-Appellee v. FISHING PIERS, INC., Individually and d/b/a HIGH TIDE LOUNGE and/or FLOUNDERS and/or CAROLINA BEACH FISHING PIER; and BETTY JO PHELPS, Defendants/Third-Party Plaintiffs-Appellants v. ESTATE OF DARYLL LUTZ, Third-Party Defendant-Appellee

No. COA10-1610

(Filed 16 August 2011)

### Contribution—Dram Shop Act—negligence—liability

The trial court did not err by granting summary judgment for the third-party defendant, the estate of Ms. Lutz, on a claim for contribution in an action under the Dram Shop Act against the defendants/third-party plaintiffs by the son of a passenger killed in the car which the intoxicated Ms. Lutz was driving. Defendants (the bar at which Ms. Lutz had been drinking) focused on N.C.G.S. § 18B-120, *et seq.*, which created a cause of action against the permittee or a local ABC board only and did not create a cause of action against the negligent driver. There was no claim articulated under any other legal theory by which Ms. Lutz's estate would be liable to plaintiff; the difference between negligence and liability was pivotal.

Appeal by Defendants/Third-Party Plaintiffs from order entered 30 August 2010 by Judge Arnold O. Jones, II in Superior Court, New Hanover County. Heard in the Court of Appeals 10 May 2011.

*No Brief for Plaintiff-Appellee.*

*Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by Scott Lewis and M. Duane Jones, for Defendants/Third-Party Plaintiffs-Appellants.*

*Marshall, Williams & Gorham, L.L.P., by William Robert Cherry, Jr., for Third-Party Defendant-Appellee.*

McGEE, Judge.

The undisputed facts in this case show that Daryll Lutz (Ms. Lutz), Chad R. Lewis (Mr. Lewis), and Dustin Lewis spent the evening of 14 August and the early morning of 15 August 2008 at the High Tide Lounge (the Lounge), a bar in Carolina Beach. Though Ms. Lutz was only twenty years old at the time, she was served alcohol while at the Lounge. Ms. Lutz left the Lounge and drove away in her vehicle, with

Mr. Lewis and Dustin Lewis as passengers. Ms. Lutz was visibly intoxicated when she left the Lounge and, while driving, she lost control of her vehicle and became involved in a single-car accident. Tragically, none of the occupants in Ms. Lutz's vehicle survived the crash.

John F. Green, II (Plaintiff), as Guardian ad Litem of Trentyn C. Lewis (Trentyn), the minor son of Mr. Lewis, filed a complaint on 15 May 2009 against certain parties pursuant to N.C. Gen. Stat. § 18B-120, *et seq.*, known as the Dram Shop Act. The parties filed a stipulation as to the proper identity of the persons and business entities involved in the matter on 11 August 2009 and Plaintiff filed an amended complaint that same date against: "Fishing Piers, Inc., individually and d/b/a High Tide Lounge and/or Flounders, and/or Carolina Beach Fishing Pier; and Betty Jo Phelps, Defendants" (Defendants). Plaintiff alleged that Trentyn was an aggrieved party pursuant to North Carolina's Dram Shop Act and that he was entitled to recover from Defendants for loss of support Trentyn suffered as a result of his father's death.

Defendants filed an answer and third-party complaint against the Estate of Ms. Lutz as Third-Party Defendant (Ms. Lutz's Estate) pursuant to N.C. Gen. Stat. § 1A-1, Rule 14(b) on 21 August 2009. Defendants' third-party complaint alleged that Ms. Lutz's Estate was jointly and severally liable for Plaintiff's damages, pursuant to N.C. Gen. Stat. § 18B-124. Ms. Lutz's Estate filed an answer on 1 October 2009, in which it asserted that it could not be liable to Plaintiff because of the contributory negligence of Mr. Lewis and, therefore, Ms. Lutz's Estate could not be jointly and severally liable with Defendants.

Plaintiff and Defendants entered into a settlement agreement by order entered 7 June 2010. Defendants thereafter filed a motion for summary judgment against Ms. Lutz's Estate on 12 August 2010. In their motion for summary judgment, Defendants argued that they were entitled to contribution under N.C. Gen. Stat. § 18B-124. Ms. Lutz's Estate filed a cross-motion for summary judgment against Defendants dated 17 August 2010. In an order dated 30 August 2010, the trial court denied Defendants' motion for summary judgment and granted the motion for summary judgment filed by Ms. Lutz's Estate. Defendants appeal.

## Standard of Review

Our Supreme Court has stated the standard of review for summary judgment in a case where the parties filed cross-motions for summary judgment:

The instant case presents cross-motions for summary judgment. Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." The trial court may not resolve issues of fact and must deny the motion if there is a genuine issue as to any material fact. Moreover, "all inferences of fact . . . must be drawn against the movant and in favor of the party opposing the motion." The standard of review for summary judgment is de novo.

*Forbis v. Neal*, 361 N.C. 519, 523-24, 649 S.E.2d 382, 385 (2007) (citations omitted).

<u>Analysis</u>

All of Defendants' arguments on appeal address whether Defendants were entitled to contribution from Ms. Lutz's Estate. Defendants' third-party complaint contained only the following allegations with respect to the liability of Ms. Lutz's Estate:

3. If . . . [P]laintiff is found to have sustained an "injury" as defined by N.C. Gen. Stat. § 18B-120(2), then these injuries were caused by the negligence of [Ms.] Lutz as she was driving the vehicle in which . . . [P]laintiff's decedent, [Mr.] Lewis, was riding at the time of his death in an intoxicated state.

4. Pursuant to N.C. Gen. Stat. § 18B-124, if [Defendants] are held liable to . . . [P]laintiff pursuant to the provisions of N.C. Gen. Stat. §§ 18B-120 and 18B-121, then N.C. Gen. Stat. §[] 18B-124 mandates that [Ms.] Lutz shall be jointly and severally liable for . . . [P]laintiff's damages.

We note that Defendants' third-party complaint did not allege that Ms. Lutz's Estate was liable to Plaintiff under any theory other than N.C. Gen. Stat. § 18B-124.

Based on Plaintiff's complaint, Defendants' third-party complaint, and the arguments before the trial court, the sole issue before the trial court in ruling on cross-motions for summary judgment was whether N.C. Gen. Stat. § 18B-120, *et seq.*, provide a mechanism whereby Defendant is entitled to seek contribution from Ms. Lutz's Estate. In determining this matter of first impression, we employ rules of statutory construction to interpret the statutes involved.

"It is well settled that statutes dealing with the same subject matter must be construed in *pari materia,* 'as together constituting one law.' " *Williams v. Alexander County Bd. of Educ.,* 128 N.C. App. 599, 603, 495 S.E.2d 406, 408 (1998) (citation omitted). " 'The paramount objective of statutory interpretation is to give effect to the intent of the legislature. The primary indicator of legislative intent is statutory language; the judiciary must give clear and unambiguous language its plain and definite meaning.' " *State v. Largent,* 197 N.C. App. 614, 617, 677 S.E.2d 514, 517 (2009) (citation omitted).

N.C. Gen. Stat. § 18B-121 (2009) states:

> An aggrieved party has a claim for relief for damages *against a permittee or local Alcoholic Beverage Control Board* if:
>
> (1) The permittee or his agent or employee or the local board or its agent or employee negligently sold or furnished an alcoholic beverage to an underage person; and
>
> (2) The consumption of the alcoholic beverage that was sold or furnished to an underage person caused or contributed to, in whole or in part, an underage driver's being subject to an impairing substance within the meaning of G.S. 20-138.1 at the time of the injury; and
>
> (3) The injury that resulted was proximately caused by the underage driver's negligent operation of a vehicle while so impaired.

(Emphasis added). N.C. Gen. Stat. § 18B-120 (2009) defines "aggrieved party" and "injury" as follows:

> (1) "Aggrieved party" means a person who sustains an injury as a consequence of the actions of the underage person, but does not include the underage person or a person who aided or abetted in the sale or furnishing to the underage person.
>
> (2) "Injury" includes, but is not limited to, personal injury, property loss, loss of means of support, or death. Damages for death shall be determined under the provisions of G.S. 28A-18-2(b). Nothing in G.S. 28A-18-2(a) or subdivision (1) of this section shall be interpreted to preclude recovery under this Article for loss of support or death on account of injury to or death of the underage person or a person who aided or abetted in the sale or furnishing to the underage person.

**GREEN v. FISHING PIERS, INC.**

[214 N.C. App. 529 (2011)]

We first note that Trentyn, for whose benefit this action was filed by Plaintiff, was alleged to be an "aggrieved party" within the definition set forth in N.C.G.S. § 18B-120, because Trentyn sustained an injury as a result of Defendants' furnishing alcohol to Ms. Lutz. In his complaint, Plaintiff alleged that Trentyn suffered an injury in that he suffered the loss of support provided for in N.C.G.S. § 18B-120(2) and he suffered damages under the N.C. Wrongful Death Act. The only mention in Plaintiff's complaint regarding Ms. Lutz's actions, or her Estate's alleged liability to Trentyn, is that Ms. Lutz caused an injury to Trentyn "in violation of Section 18B-121[.]"

While N.C.G.S. § 18B-121 does require that the injury arise from an underage driver's "negligent" operation of a motor vehicle, the specific language of the statute does not create a cause of action against the negligent driver. Rather, N.C.G.S. § 18B-121 clearly and unambiguously creates a cause of action *only* against "a permittee or local Alcoholic Beverage Control Board[.]" N.C.G.S. § 18B-121. Our Court has observed that the effect of N.C.G.S. § 18B-120, *et seq.*, was to create a cause of action where none previously existed against a permittee or local ABC Board. *See Hall v. Toreros II, Inc.,* 176 N.C. App. 309, 321, 626 S.E.2d 861, 869 (2006) (observing that Chapter 18B was enacted "in derogation of the common law principle that it was not a tort either to sell or furnish alcohol to an able-bodied person"). As this cause of action is created in derogation of common law, it must be construed narrowly. *Id.* ("It is well settled that '[s]tatutes in derogation of the common law . . . must be strictly construed.'") (citation omitted). Reading N.C.G.S. § 18B-120, *et seq.*, in context, it is clear that the intent was only to enable an injured party to seek compensation from a permittee or ABC board; we can find nothing in N.C.G.S. § 18B-120, *et seq.*, suggesting a legislative intent to create new theories of liability against the negligent driver who causes the injury.

N.C.G.S. § 18B-121 also refers only to the negligence of the underage driver, and not to any *liability* of the underage driver to the injured party. The difference is pivotal to our application of the statute, for reasons such as those implicated in this case, where an allegation of contributory negligence might defeat the injured party's claims against an admittedly negligent driver if such claims were made.

We note that Defendants contend in their brief that Ms. Lutz was negligent as a matter of law. We do point out that Defendants do not indicate to whom Ms. Lutz would be liable under Defendants' theory that she was negligent as a matter of law. We find Defendants' arguments mutually inconsistent. Defendants first contend that Ms. Lutz

was negligent as a matter of law and that her negligence contributed to the death of Mr. Lewis. However, Defendants also argue that the contributory negligence of Mr. Lewis is not applicable as a defense because "interpretations of case law grounded in tort do not apply to this matter." We are unable to reconcile Defendants' argument that Ms. Lutz was "negligent as a matter of law" with their argument that case law grounded in tort is inapplicable to this case. It does appear from Defendants' arguments that, on appeal, they recognize that the negligence of the underage driver must arise from some theory other than N.C.G.S. § 18B-120, *et seq.*, but this recognition was not apparent from their pleadings and therefore was not before the trial court.

However, it must be reiterated that Defendants focus on N.C.G.S. § 18B-120, *et seq.*, and do not articulate any other legal theory under which Ms. Lutz's Estate would be liable to Plaintiff. Rather, the pleadings are clear in alleging that Plaintiff is an aggrieved party as defined by N.C.G.S. § 18B-120, and that Plaintiff has a claim pursuant to N.C.G.S. § 18B-121. Defendants assert that the liability of Ms. Lutz's Estate is predicated on N.C. Gen. Stat. § 18B-124, which provides that: "The liability of the negligent driver or owner of the vehicle that caused the injury and the permittee or ABC board which sold or furnished the alcoholic beverage shall be joint and several, with right of contribution but not indemnification." N.C. Gen. Stat. § 18B-124 (2009). Because N.C.G.S. § 18B-121 creates a cause of action against the permittee or a local ABC Board only, the theory by which the liability of the negligent driver is determined must arise from some other context, be it common law negligence, the Wrongful Death Act, or otherwise. As we have discussed, the pleadings in the present case do not allege such an alternate theory of liability. Because we have held that Defendants erroneously contended that N.C.G.S. § 18B-124 creates liability on the part of Ms. Lutz's Estate, the trial court did not err in granting summary judgment in favor of Ms. Lutz's Estate.

Affirmed.

Judges ERVIN and BEASLEY concur.