NO. COA14-639

 NORTH CAROLINA COURT OF APPEALS

 Filed: 31 December 2014

STATE OF NORTH CAROLINA

 v. New Hanover County
 Nos. 07 CRS 60072-74
CRYSTAL SITOSKY 10 CRS 53201-03

 Appeal by defendant from judgments entered 5 March 2014 by

Judge W. Allen Cobb, Jr. in New Hanover County Superior Court.

Heard in the Court of Appeals 21 October 2014.

 Roy Cooper, Attorney General, by Joseph L. Hyde, Assistant
 Attorney General, for the State.

 Staples S. Hughes, Appellate Defender, by Jason Christopher
 Yoder, for defendant-appellant.

 DAVIS, Judge.

 Crystal Sitosky (“Defendant”) appeals from the trial

court’s judgments revoking her probation and activating her

suspended sentences in file numbers 07 CRS 60072-74 and 10 CRS

53201-03. On appeal, she argues that the trial court (1) lacked

jurisdiction to revoke her probation in file numbers 07 CRS

60072-74; and (2) erred in revoking her probation in file

numbers 10 CRS 53201-03. After careful review, we vacate the

trial court’s judgments and remand for further proceedings.
 -2-
 Factual Background

 On 10 July 2008, Defendant pled guilty to three counts of

obtaining a controlled substance by fraud or forgery. The trial

court sentenced Defendant to three consecutive sentences of 5 to

6 months imprisonment, suspended the sentences, and placed

Defendant on supervised probation for a period of 36 months. On

22 September 2011, Defendant pled guilty to one count of

attempted trafficking in heroin and three counts of obtaining a

controlled substance by fraud or forgery. The trial court

sentenced Defendant to three consecutive sentences of 6 to 8

months imprisonment for the obtaining a controlled substance by

fraud or forgery offenses and 90 to 117 months imprisonment

following the expiration of the above sentences for the

attempted trafficking in heroin offense. The trial court then

suspended these sentences and placed Defendant on supervised

probation for 36 months.

 Defendant’s probation officer filed violation reports on 3

May 2013, 18 June 2013, 26 November 2013, and 10 January 2014,

alleging that Defendant had violated various conditions of her

probation. The 3 May 2013 violation reports alleged that

Defendant had been charged with driving while license revoked,

simple possession of a Schedule II controlled substance, simple

possession of a Schedule IV controlled substance, and
 -3-
maintaining a vehicle or dwelling place for the purpose of

keeping or selling a controlled substance. The 18 June 2013

violation reports alleged that Defendant had violated a

condition of her probation by testing positive for opiates on 7

June 2013. The 26 November 2013 violation reports alleged that

Defendant had violated a condition of her probation by testing

positive for opiates on 21 November 2013. Finally, the 10

January 2014 violation reports alleged that Defendant had been

charged with multiple counts of (1) driving with expired

registration and expired inspection; (2) driving while license

revoked; (3) misdemeanor larceny; and (4) obtaining property by

false pretenses.

 A hearing on the alleged probation violations was held in

New Hanover County Superior Court on 5 March 2014. At the

hearing, Defendant admitted to three of the alleged probation

violations: (1) testing positive for opiates on 7 June 2013; (2)

testing positive for opiates on 21 November 2013; and (3) being

charged with and convicted on 27 February 2014 of one count of

driving while license revoked. Defendant did not admit to any

of the other violations alleged in the violation reports, and

the State presented no evidence regarding these remaining

alleged violations. The trial court revoked Defendant’s
 -4-
probation and activated her suspended sentences. Defendant

appealed to this Court.

 Analysis

I. Appellate Jurisdiction

 Defendant has filed a petition for writ of certiorari

requesting appellate review in the event that her notice of

appeal is deemed insufficient to confer jurisdiction upon this

Court. The record shows that Defendant filed a handwritten

letter indicating her intent to appeal but failed to serve a

copy of the letter on the State as required by Rule 4(a) of the

North Carolina Rules of Appellate Procedure. Defendant’s trial

counsel also filed a notice of appeal on Defendant’s behalf,

which was served on the State. This notice of appeal, however,

failed to designate the court to which the appeal was being

taken and listed the incorrect date for the judgments being

appealed. We do not believe that either of these errors are

fatal to Defendant’s appeal.

 We have previously held that a defendant’s failure to

designate this Court in a notice of appeal does not warrant

dismissal of the appeal where this Court is the only court

possessing jurisdiction to hear the matter and the State has not

suggested that it was misled by the defendant’s flawed notice of

appeal. State v. Ragland, ___ N.C. App. ___, ___, 739 S.E.2d
 -5-
616, 620 (“Here, defendant’s intent to appeal is plain, and

since this Court is the only court with jurisdiction to hear

defendant’s appeal, it can be fairly inferred defendant intended

to appeal to this Court. The State does not suggest that it was

in any way misled by the notice of appeal. Accordingly,

defendant’s . . . mistake in failing to name this Court in his

notice of appeal do[es] not warrant dismissal.”), disc. review

denied, 367 N.C. 220, 747 S.E.2d 548 (2013).

 We have also deemed a defendant’s notice of appeal

sufficient to confer jurisdiction upon this Court when, despite

an error in designating the judgment, the notice of appeal as a

whole indicates the defendant’s intent to appeal from a specific

judgment. See State v. Rouse, ___ N.C. App. ___, ___ , 757

S.E.2d 690, 692 (2014) (“A mistake in designating the judgment

should not result in loss of the appeal as long as the intent to

appeal from a specific judgment can be fairly inferred from the

notice and the appellee is not misled by the mistake.”

(citation, quotation marks, brackets, ellipses, and emphasis

omitted)).

 Here, because (1) Defendant’s notice of appeal lists the

file numbers of the judgments she seeks to appeal; (2) this

Court is the only court with jurisdiction to hear Defendant’s

appeal; and (3) the State has not suggested that it was misled
 -6-
by either of the errors in her notice of appeal, we conclude

that a dismissal of Defendant’s appeal is not warranted. We

therefore dismiss Defendant’s petition for writ of certiorari

and proceed to address the merits of the appeal.

II. Revocation of Probation

 A. File Numbers 07 CRS 60072-74

 Defendant first alleges that the trial court lacked

jurisdiction to revoke her probation and activate her suspended

sentences in file numbers 07 CRS 60072-74. We agree.

 In file numbers 07 CRS 60072-74, Defendant was placed on 36

months of supervised probation on 10 July 2008 for offenses she

committed in June and July of 2007. The State contends that

Defendant remained on probation for these offenses at the time

of the 5 March 2014 revocation hearing because her probationary

period was tolled each time she acquired new criminal charges

until those new charges were resolved.

 It is true that the tolling provision of N.C. Gen. Stat. §

15A-1344(d) — which provided that “[t]he probation period shall

be tolled if the probationer shall have pending against him

criminal charges in any court of competent jurisdiction, which,

upon conviction, could result in revocation proceedings against

him for violation of the terms of this probation” — previously

applied to Defendant’s probation in file numbers 07 CRS 60072-
 -7-
74. However, in 2009, the General Assembly repealed this

provision for “hearings held on or after December 1, 2009.”

2009 N.C. Sess. Laws 667, 679, ch. 372, § 20. While an amended

tolling provision was then added to subsection (g)1 of N.C. Gen.

Stat. § 15A-1344, the State concedes, as it must, that the

amended provision does not apply to Defendant because N.C. Gen.

Stat. § 15A-1344(g) took effect on “1 December 2009 and applies

to offenses committed on or after that date.” See id. at 675,

679, ch. 372, §§ 11(b), 20. Consequently, because Defendant’s

underlying offenses were committed in June and July of 2007,

N.C. Gen. Stat. § 15A-1344(g) is clearly inapplicable to her.

 The State does assert, however, that Defendant’s

probationary period in file numbers 07 CRS 60072-74 was covered

by the tolling provision of N.C. Gen. Stat. § 15A-1344(d)

despite the fact that the effective date for the repeal of that

provision was for hearings held on or after 1 December 2009 and

Defendant’s revocation hearing was held on 5 March 2014 —

approximately four and a half years after this effective date.

In making this argument, the State essentially relies not on the

text of the session law repealing the tolling provision of N.C.

Gen. Stat. § 15A-1344(d) but rather upon its belief that the

1
 While not relevant to our decision in this case, we note that
N.C. Gen. Stat. § 15A-1344(g) was later repealed by the General
Assembly in 2011. See 2011 N.C. Sess. Laws 84, 87, ch. 62, § 3.
 -8-
General Assembly “did not intend to eliminate the tolling

provision for defendants who committed offenses before 1

December 2009.” However, it is well established that in

determining the intent of the General Assembly, we must first

examine the plain language of the statutory provisions at issue.

See State v. Largent, 197 N.C. App. 614, 617, 677 S.E.2d 514,

517 (2009) (“The primary indicator of legislative intent is

statutory language . . . .”). “When interpreting a statute, we

ascertain the intent of the legislature, first by applying the

statute’s language and, if necessary, considering its

legislative history and the circumstances of its enactment.”

Lanvale Props., LLC v. Cty. of Cabarrus, 366 N.C. 142, 164, 731

S.E.2d 800, 815 (2012) (citation and quotation marks omitted).

If the language is clear, we must give the provision its plain

meaning. See State v. Beck, 359 N.C. 611, 614, 614 S.E.2d 274,

277 (2005) (“If the statutory language is clear and unambiguous,

the court eschews statutory construction in favor of giving the

words their plain and definite meaning.”).

 Here, the session law at issue — Chapter 372 of the 2009

North Carolina Session Laws — plainly states that Section 11(a),

the section of the session law that repeals the tolling

provision in N.C. Gen. Stat. § 15A-1344(d), “applies to hearings

held on or after December 1, 2009.” 2009 N.C. Sess. Laws 667,
 -9-
679, ch. 372, § 20 (emphasis added). It then goes on to state

that “[t]he remainder of this act [which included the newly

enacted subpart (g) of N.C. Gen. Stat. § 15A-1344] becomes

effective December 1, 2009, and applies to offenses committed on

or after that date.” Id. (emphasis added). As such, the

General Assembly specifically articulated a clear effective date

for the section of the session law removing the tolling

provision from N.C. Gen. Stat. § 15A-1344(d), and we are

obligated to give effect to this unambiguously stated effective

date. See Wiggs v. Edgecombe Cty., 361 N.C. 318, 322, 643

S.E.2d 904, 907 (2007) (“[W]hen the language of a statute is

clear and unambiguous, it must be given effect . . . .”

(citation and quotation marks omitted)).

 In urging us to reach a contrary result, the State is, in

essence, asking this Court to rewrite the effective date set out

in the session law in order to accomplish what it contends must

have been the desire of the General Assembly in enacting these

statutory amendments. This we are not at liberty to do. See

id. (explaining that our appellate courts have “no power to

amend an Act of the General Assembly” and “will not engage in

judicial construction merely to assume a legislative role and
 -10-
rectify what [a party] argue[s] is an absurd result” (citation

and quotation marks omitted)).2

 Indeed, we note that on at least one other occasion this

Court has identified a gap in coverage arising out of the

designated effective dates of statutory provisions affecting

probation. In State v. Nolen, ___ N.C. App. ___, ___, 743

S.E.2d 729 (2013), we explained that the recent enactment of the

Justice Reinvestment Act (“the Act”) had significantly reduced

the trial court’s authority to revoke probation for probation

violations by limiting revocation-eligible violations to three

types of conduct, one of which was absconding supervision in

violation of N.C. Gen. Stat. § 15A-1343(b)(3a), a newly added

statutory condition of probation. Id. at ___, 743 S.E.2d at

730. According to the effective dates of the Act, the recently

limited revocation authority of trial courts took effect on 1

December 2011 and applied to all probation violations occurring

on or after that date, but the provision of the Act actually

establishing absconding as a statutory probation violation

2
 While we recognize that in construing and interpreting
statutes, our courts endeavor to “adopt an interpretation which
will avoid . . . bizarre consequences,” State v. Jones, 359 N.C.
832, 837, 616 S.E.2d 496, 499 (2005), we do so only where the
statute at issue is susceptible to more than one permissible
interpretation. Here, however, this session law lends itself to
only one rational interpretation as it clearly articulates a
specific effective date and, as such, leaves no room for
judicial construction.
 -11-
applied only to probationers who had committed the underlying

offenses resulting in their probation on or after 1 December

2011. See id. at ___, 743 S.E.2d at 731.

 As a result, we held that a gap was created by the Act such

that a subset of the persons on probation in North Carolina —

including the defendant in Nolen — was subject to the Act’s new

limitations on the power of trial courts to revoke probation

(based on the date of their alleged probation violations) yet

could not have their probation revoked for absconding because

they were not subject to the prohibition against absconding as a

condition of their probation (based on their offense date). Id.

at ___, 743 S.E.2d at 731.

 Likewise, in the present case, based on the plain language

of Chapter 372 of the 2009 North Carolina Session Laws, we

conclude that Defendant, who committed her offenses in file

numbers 07 CRS 60072-74 prior to 1 December 2009 but had her

revocation hearing after 1 December 2009, was not covered by

either statutory provision — § 15A-1344(d) or § 15A-1344(g) —

authorizing the tolling of probation periods for pending

criminal charges. As a result, we have no choice but to

conclude that the trial court lacked jurisdiction to revoke her

probation and activate her suspended sentences in file numbers

07 CRS 60072-74.
 -12-
 B. File Numbers 10 CRS 53201-03

 Defendant next argues that the trial court erred in

revoking her probation in file numbers 10 CRS 53201-03 because

it based the revocation, in part, on probation violations that

were neither admitted by Defendant nor proven by the State at

the probation hearing. We agree.

 In file numbers 10 CRS 53201-03, Defendant was placed on 36

months of supervised probation on 22 September 2011 for offenses

she committed in February and March of 2010. At the 5 March

2014 revocation hearing, Defendant admitted to three violations

of the conditions of her probation: (1) testing positive for

opiates on 7 June 2013 as alleged in paragraph 1 of the

violation reports filed on 18 June 2013; (2) testing positive

for opiates on 21 November 2013 as alleged in paragraph 1 of the

violation reports filed on 26 November 2013; and (3) committing

the crime of driving while license revoked in file number 13 CRS

7669 as alleged in paragraph 1 of the violation reports filed on

10 January 2014.

 Our review of the transcript of the revocation hearing

reveals that Defendant did not admit to — and no evidence was

offered by the State regarding — the remaining alleged probation

violations. Nevertheless, the trial court’s judgments revoking

Defendant’s probation incorrectly state that she admitted to all
 -13-
of the violations alleged in paragraphs 1 and 2 of the 13 May

2013 violation reports, paragraph 1 of the 18 June 2013

violation reports, paragraph 1 of the 26 November 2013 violation

reports, and paragraphs 1 and 2 of the 10 January 2014 violation

reports.

 We recognize that Defendant’s admission to driving while

license revoked, standing alone, could have served as a

sufficient basis for the trial court to revoke her probation in

file numbers 10 CRS 53201-03. Although driving while license

revoked is currently a Class 3 misdemeanor, it was classified as

a Class 1 misdemeanor at the time she committed this offense on

6 August 2013. See N.C. Gen. Stat. § 20-28 (2011); 2013 Sess.

Laws 995, 1305, ch. 360, § 18B.14(f) (amending N.C. Gen. Stat. §

20-28(a), effective 1 December 2013, to classify driving while

license revoked as Class 3 misdemeanor instead of Class 1

misdemeanor “unless the person’s license was originally revoked

for an impaired driving offense, in which case the person is

guilty of a Class 1 misdemeanor”).

 Thus, the trial court could have properly revoked

Defendant’s probation in file numbers 10 CRS 53201-03 on the

basis that she committed a new crime3 in violation of the

3
 While testing positive for illegal drugs is a violation of a
condition of probation, we have held that a positive drug test
does not constitute sufficient evidence, standing alone, to
 -14-
conditions of her probation. See N.C. Gen. Stat. § 15A-

1344(a),(d) (authorizing trial court to revoke probation if

probationer commits new crime in any jurisdiction so long as

probation is not revoked “solely for conviction of a Class 3

misdemeanor”).

 However, the judgments in this case do not provide us with

a basis to determine whether the trial court would have decided

to revoke Defendant’s probation on the basis of her admission to

committing the new crime of driving while license revoked in the

absence of the other alleged violations that it mistakenly found

that Defendant had admitted. We note that the trial court did

not mark the box on the judgment forms specifying that each

violation “in and of itself” would be a sufficient basis for

revocation. Thus, we must remand for further proceedings so

that the trial court can determine whether the revocation of

Defendant’s probation is appropriate in file numbers 10 CRS

53201-03.

 Conclusion

 For the reasons stated above, we vacate the trial court’s

judgments revoking Defendant’s probation in file numbers 07 CRS

support a possessory offense. State v. Harris, 178 N.C. App.
723, 632 S.E.2d 534 (2006), aff’d, 361 N.C. 400, 646 S.E.2d 526
(2007). Thus, driving while license revoked would constitute
the commission of a “new crime” while on probation but testing
positive for narcotics, without more, would not.
 -15-
60072-74 and 10 CRS 53201-03 and remand for further proceedings

consistent with this opinion in file numbers 10 CRS 53201-03.

 VACATED AND REMANDED.

 Judges HUNTER, Robert C., and DILLON concur.